JOANNE E. BERGER[1] *vs.* H.P. HOOD, INC., & another[2]
(and a consolidated case[3]).

Middlesex. September 13, 1993. - December 23, 1993.

Present: LIACOS, C.J., WILKINS, ABRAMS, LYNCH, & GREANEY, JJ.

*Workers' Compensation Act*, Injuries to which act applies, Action against
    employer, Action against third person, Exclusivity provision. *Insurance*,
    Motor vehicle insurance, Uninsured motorist, Underinsured motorist.
    *Public Policy. Corporation*, Corporate entity.

The exclusivity provision of the Workers' Compensation Act bars an em-
    ployee's claim against the employer as self-insurer and the insurers of
    the employer's motor vehicles for underinsurance benefits. [655-657]
The exclusivity provision of the Workers' Compensation Act did not bar
    an employee's claim against the owner of the employer's motor vehicles
    for underinsurance coverage where the owner (a wholly-owned subsidi-
    ary of the employer) was a separate corporate entity from the employer
    and no reason appeared to warrant disregarding the corporate form.
    [657-658]

CIVIL ACTIONS commenced in the Superior Court Depart-
ment on January 17, 1986, and August 3, 1987, respec-
tively.

The cases were consolidated and were heard by *Joseph S.
Mitchell, Jr*, J., on motions for summary judgment, and sep-
arate and final judgments were entered by *James F.
McHugh*, J.

The Supreme Judicial Court on its own initiative trans-
ferred the case from the Appeals Court.

----

[1]Individually and as administratrix of the estate of Gerard P. Berger.

[2]American Mobile Corporation.

[3]Berger *vs.* First State Insurance Co. and Massachusetts Insurers
Insolvency Fund.

*Paul T. Sheils* (*Robert E. Jordan, Jr.*, with him) for the plaintiff.

*Alice Olsen Mann* (*Paul S. Grand* with her) for H.P. Hood, Inc., & another.

*Peter J. McCue* for Massachusetts Insurers Insolvency Fund.

*Marshall A. Karol* for First State Insurance Co.

ABRAMS, J. At issue is whether the exclusivity provision of the Workers' Compensation Act, G. L. c. 152, § 23 (1992 ed.), bars an employee's claim against the owner and the insurer of the employer's motor vehicles for underinsurance benefits (UM).[4] The plaintiff, Joanne E. Berger, asserts that her claim was not precluded by this provision because the claim sounds in contract rather than tort. She maintains that G. L. c. 152, § 23, applies only to common law tort claims. In the alternative, the plaintiff argues that only H.P. Hood, Inc. (Hood), the employer, should benefit from the immunity of G. L. c. 152, § 23, and that American Mobile Corporation (American), First State Insurance Company (First), and Massachusetts Insurers Insolvency Fund (Fund) should be treated instead as third parties.[5]

*Facts.* On August 14, 1981, the plaintiff's decedent, Gerard P. Berger, was killed in an automobile accident while in the course of his employment as a truck driver for the defendant Hood. American, a wholly owned subsidiary of Hood, owned the tractor-trailer which Berger was operating at the time of his death. American had leased these vehicles to Hood, which assumed responsibility for their registration and insurance.

---

[4] General Laws c. 152, § 23 (1992 ed.), provides in part: "If an employee accepts payment of compensation under this chapter on account of personal injury . . . such action shall constitute a release to the insurer of all claims or demands at common law, if any, arising from the injury."

[5] On appeal, the plaintiff argues that she is entitled to pursue a claim for loss of consortium. No claim for loss of consortium was pleaded in either of the plaintiff's two complaints. Neither the Superior Court judge nor the other parties have addressed the question. Therefore, we do not reach that issue.

At the time of the accident, Hood self-insured its leased vehicles. To fulfil its financial obligations under the motor vehicle financial responsibility laws (G. L. c. 90, §§ 34A et seq. [1992 ed.]), Hood had purchased a motor vehicle liability bond from the Aetna Insurance Company. The bond contained no provision for uninsured or underinsured motorist coverage. In addition, Hood had also purchased an excess liability policy from Ideal Mutual Insurance Company, the Fund's predecessor[6] and an umbrella policy from First.

In compensation for her husband's death, the plaintiff received workers' compensation benefits from Hood. In addition, the plaintiff recovered the maximum amount of money available under the insurance policy of the driver of the automobile that collided with the decedent's tractor-trailer. She also recovered underinsurance benefits under her husband's own automobile policy.[7]

---

[6]Ideal Mutual Insurance Company became insolvent in October, 1984. Pursuant to G. L. c. 175D, § 1 (1992 ed.), the Massachusetts Insurers Insolvency Fund is now the named defendant in the plaintiff's claim.

[7]We set forth the procedural history of these cases. On January 17, 1986, the plaintiff filed a complaint seeking underinsured motorist (UM) benefits from the defendants Hood and American. On August 3, 1987, the plaintiff commenced a second action seeking UM coverage from the defendants Fund and First. The two actions were consolidated on December 29, 1987.

In January, 1989, a Superior Court judge granted partial summary judgment to the plaintiff against Hood, American, and Fund on the issue of UM coverage. In June, 1989, the plaintiff and First filed cross motions for summary judgment. The same judge granted summary judgment to First based on the exclusivity provision of the Workers' Compensation Act, G. L. c. 152, § 23. Relying on this decision, Hood, American, and Fund renewed motions for reconsideration of the summary judgment order against them.

The judge allowed the renewed motions, and vacated the order granting the plaintiff summary judgment against Hood, American, and Fund. In vacating the order, the judge again cited the exclusivity provision of the Workers' Compensation Act and the need for consistent application of rulings of law.

A second Superior Court judge entered separate and final judgment for First on October 17, 1991, and for Hood, American, and Fund on March 4, 1992. The plaintiff filed timely notices of appeal from these judgments, which were consolidated by the Appeals Court. We transferred the case from the Appeals Court on our own motion.

1. *The plaintiff's claim against Hood.* The plaintiff asserts that she has a contractual right to recover UM benefits from Hood which is not precluded by the Workers' Compensation Act. "[T]he key to whether the Work[ers'] Compensation Act precludes a common law right of action lies in the nature of the injury for which plaintiff makes claim." *Foley* v. *Polaroid Corp.*, 381 Mass. 545, 553 (1980), quoting *Gambrell* v. *Kansas City Chiefs Football Club, Inc.*, 562 S.W.2d 163, 168 (Mo. Ct. App. 1978). The Workers' Compensation Act has been interpreted to encompass physical and mental injuries arising out of employment. *Id.* at 551. The plaintiff's UM claim derives from the same incident, a personal injury sustained in the course of employment, which gave rise to the payment of workers' compensation. See *McLaughlin* v. *Stackpole Fibers Co.*, 403 Mass. 360, 362 (1988). Merely characterizing the claim as contractual does not alter the essential nature of this common law claim. Hood, if required to pay UM benefits, still would be paying a worker for an injury sustained in the course of employment.

Courts from other jurisdictions have addressed this question. Although there is a split of authority,[8] we are more persuaded by those courts which have determined that the exclusivity provision of a Workers' Compensation Act bars an employee from recovering UM benefits from an employer for an injury in the course of employment. See *Bouley* v. *Norwich*, 222 Conn. 744 (1992); *Gullet* v. *Brown*, 307 Ark. 385 (1991). In *Bouley*, the Connecticut Supreme Court looked to the purpose behind Connecticut's uninsured motor vehicle statute and determined it was designed to be a "safety net" for motorists who are not otherwise protected. When an employee receives workers' compensation benefits, the Connecticut court concluded that "the policies underlying uninsured motorist coverage are not sufficiently compelling to override

---

[8]See *Bouley* v. *Norwich*, 222 Conn. 744 (1992); *Gullet* v. *Brown*, 307 Ark. 385 (1991). But see *Wright* v. *Smallwood*, 419 S.E.2d 219 (S.C. 1992); *William* v. *Newport News*, 240 Va. 425 (1990) (divided court); *Heavens* v. *LaClede Gas Co.*, 755 S.W.2d 331 (Mo. Ct. App. 1988); *Christy* v. *Newark*, 102 N.J. 598 (1986).

the exclusivity of the Worker's Compensation Act." *Bouley* v. *Norwich, supra* at 757. We agree.

Like the Connecticut uninsured motorist statute, G. L. c. 175, § 113L (1992 ed.), was enacted with the objective of protecting the "public from injury caused by motorists who could not make the injured party whole." *Cardin* v. *Royal Ins. Co.,* 394 Mass. 450, 454 (1985). It was intended "to minimize the possibility of . . . catastrophic financial loss [to] the victims of an automobile accident." *Id.,* citing 1968 Senate Doc. No. 1030, at 7. In the case of a workplace injury, the employee is protected from the risk of catastrophic financial loss through workers' compensation. An employee who seeks additional coverage may purchase his own under-insurance coverage, as the plaintiff's decedent did in this case.

The exclusivity provision has been the cornerstone of our Workers' Compensation Act. Our exclusivity provision is very broad. The Legislature has had opportunities to narrow its scope, and has not done so. "Any change in compensation law which would permit a covered employee to recover compensation benefits and, in addition, permit litigation by the employee against his employer to recover for an injury clearly covered by the Workmen's Compensation Act is a public policy decision for the Legislature." *Longever* v. *Revere Copper & Brass Inc.,* 381 Mass. 221, 226 (1980).[9]

2. *The plaintiff's claims against First and Fund.* The plaintiff asserts that, even if G. L. c. 152, § 23, applies to her claim, only Hood, the direct employer, is entitled to the benefit of that immunity. The plaintiff analogizes her claims for UM benefits against First and Fund to third-party suits,

---

[9]We note that Pennsylvania had that very experience. In *Lewis* v. *School Dist. of Philadelphia,* 517 Pa. 461 (1988), the Pennsylvania Supreme Court concluded that an employee could not recover uninsured motorist benefits from his employer because workers' compensation was his exclusive remedy. The Pennsylvania Legislature responded by amending its Uninsured Motorist Act to allow employees to recover from their employers. See *Selected Risks Ins. Co.* v. *Thompson,* 520 Pa. 130, 143 (1989); *American Nat'l Fire Ins. Co.* v. *Stewart,* 709 F. Supp. 641, 642 (E.D. Pa. 1989).

which are permitted by G. L. c. 152, § 15.[10] The analogy is inappropriate. Hood purchased the First and Fund policies to insure it against motor vehicle judgments in excess of its primary coverage. Hood owned the policies. Any suit against Fund and First is essentially a suit against Hood, as owner of the policies. We have determined that suits against Hood are barred by G. L. c. 152, § 23. Thus, summary judgment in favor of First and Fund on Hood's UM coverage was appropriate.

3. *The plaintiff's claim against American.* The defendants suggest that this court pierce the corporate veil and conclude that Hood and American constitute a single employer. American is a wholly owned subsidiary of Hood. The rule in the Commonwealth is that corporations are to be regarded as separate entities where there is no compelling reason of equity "to look beyond the corporate form for the purpose of defeating fraud or wrong, or for the remedying of injuries." *Gurry* v. *Cumberland Farms, Inc.*, 406 Mass. 615, 626 (1990), quoting *My Bread Baking Co.* v. *Cumberland Farms, Inc.*, 353 Mass. 614, 618 (1986).

Hood asks us to disregard the corporate form in the case of American. On this record, there is no basis to do so. See *Searcy* v. *Paul*, 20 Mass. App. Ct. 134, 139 (1985) (no basis to disregard the corporate fiction absent either "flagrant disregard of corporate barriers" or fraud); *Gordon Chemical Co.* v. *Aetna Casualty & Sur. Co.*, 358 Mass. 632, 638 (1971) ("Different corporations usually are distinct entities in law. It is only where the corporation is a sham, or is used to perpetrate deception to defeat a public policy, that it can be disregarded"); *My Bread Baking Co.* v. *Cumberland*

---

[10]The plaintiff also contends that First and Fund were mandated by statute to provide underinsured motorist coverage. We recently determined that G. L. c. 175, § 113L, as it existed at the time of the decedent's death in 1981, did not require umbrella policies to provide underinsured motorist coverage. See *Liberty Mut. Ins. Co.* v. *McLaughlin*, 412 Mass. 492 (1992). "The protection contemplated by the UM statute is satisfied by the minimum UM coverage provided in the underlying primary auto policies, and umbrella policies therefore need not provide UM benefits." *Id.* at 495. That reasoning also applies to excess policies.

*Farms, Inc., supra* at 620 (failure to observe with care the formal barriers between corporations may warrant disregard of the separate entities only "in rare particular situations in order to prevent gross inequity"). The fact that American is a wholly owned subsidiary does not permit us to pierce the corporate veil. Corporations may not "assume the benefits of the corporate form and then disavow that form when it is to their and their stockholders' advantage." *Gurry, supra* at 626.

Because American is a corporate entity separate from Hood, it does not benefit from the exclusivity provision of the Workers' Compensation Act. The trial judge based his ruling on the applicability of the exclusivity provision to American. See notes 4 & 7, third par., *supra*. Because we have determined that the corporations are separate entities, we reverse the judge's order of summary judgment for American.

4. *Conclusion.* We affirm the judge's order allowing the motions for summary judgment requested by the defendants Hood, First, and Fund on the issue of Hood's UM coverage. We vacate the judge's order allowing American's motion for summary judgment on the issue of American's UM coverage. The case is remanded to the Superior Court for further proceedings on the plaintiff's claim against American.

*So ordered.*