Hely, J.
I.Introduction and Undisputed Facts
The motion before the court has been treated as a motion for summary judgment. The parties have submitted appropriate summary judgment materials. The central issue is: to what extent are any of the parties or related entities immune from liability under the workers’ compensation statute.
The following undisputed facts are established by the affidavit of J. Drennan Lowell. National Surface Cleaning, Inc. (“National Surface”), is an asbestos abatement company. On July 31, 1991, National Surface and Suffolk National Corporation (“Suffolk National”) entered into a written agreement to form a joint venture and to submit a joint bid for work on a contract in the John F. Kennedy Federal Building. The joint venture was awarded the contract.
The joint venture then entered into a written subcontract with National Surface to perform interior demolition and asbestos abatement work at the project. This subcontract was formed on July 23, 1992.
The plaintiff was injured on June 24, 1993, while performing asbestos abatement activities on this project. At the time of his injury, the plaintiff was an employee of National Surface. The plaintiff has received and continues to receive workers’ compensation benefits from National Surface for this injury.
II.Immunity for National Surface
Because National Surface employed the plaintiff at the time of his injury and paid him workers compensation benefits, National Surface is immune from any claims brought by the plaintiff arising out of this work-related injury. G.L.c. 152, §§23 & 24. The plaintiffs First Amended Complaint alleges a claim against “The Joint Venture Comprised of National Surface Cleaning, Inc. and Suffolk National Corporation.” To the extent that this complaint may seek damages from National Surface, National Surface is entitled to summary judgment on the plaintiffs First Amended Complaint. National Surface cannot be liable to the plaintiff for any common law claim arising out of this accident, even if National Surface was engaged in a joint venture with Suffolk National at the time.
III.Lack of Immunity for the Joint Venture and Suffolk National
The joint venture’s motion also seeks immunity for the joint venture and possibly for Suffolk National as well. Neither the joint venture nor Suffolk National is entitled to workers’ compensation immunity from the plaintiffs claims because, at the time of the accident, the plaintiff was an employee of National Surface and not an employee of the joint venture or Suffolk National. The undisputed affidavit of Mr. Lowell establishes that the plaintiff was working at the time as a National Surface employee and that the work was being performed by National Surface as part of its written subcontract with the joint venture.
The Legislature abolished the common employment doctrine in 1971. The workers’ compensation statute now permits third party actions by an injured employee “against all but his immediate insured employer” and fellow employees. Searcy v. Paul, 20 Mass.App.Ct. 134, 138-39 (1985); G.L.c. 152, §15. In this case there is no genuine fact dispute about who the plaintiffs employer was at the time of the accident: it was National Surface. The undisputed facts present no basis for extending the employer’s workers’ compensation immunity to the joint venture or to Suffolk National. There is no sound reason for disregarding the separate corporate identities of National Surface and Suffolk National. See Berger v. H.P. Hood, Inc., 416 Mass. 652, 657-58 (1993); Gurry v. Cumberland Farms, Inc., 406 Mass. 615 (1990); Searcy v. Paul, supra, 20 Mass.App.Ct. at 139-40.
The court recognizes that in some fact situations a worker may be employed by a joint venture, and that if the joint venture is the employer it is entitled to immunity. See G.L.c. 152, §1(5). The references in Gurry, 406 Mass. at 624-25, and Searcy, 20 Mass.App.Ct. at 139, to joint venture situations do not mean that a worker employed by a corporation automatically becomes an employee of a joint venture whenever the employer corporation joins another corporation in a joint venture project. We have in this case undisputed facts establishing that the plaintiff was an employee of National Surface at the time of his injury and that his work for National Surface was part of National Surface’s performance of a subcontract with the joint venture. On these facts, the existence of a joint venture relationship between National Surface and Suffolk National on this project was not enough to make either the j oint venture or Suffolk National the employer.
*480 IV. The Third Party Complaint
The last issue to consider is Suffolk Construction’s amended third-party complaint which alleges claims for contribution and common law indemnity against the joint venture. Suffolk Construction’s amended third-party complaint makes no claim for contractual indemnity. National Surface, as the employer of the plaintiff, is immune as a matter of law from Suffolk Construction’s contribution and common law indemnity claims arising out of this accident. Liberty Mutual Insurance Co. v. Westerlind, 374 Mass. 524 (1978); Decker v. Black & Decker Manufacturing Co., 389 Mass. 35 (1983). The joint venture and Suffolk National are not immune.
ORDER
1. To the extent that the plaintiff seeks recovery against National Surface Cleaning, Inc., National Surface is entitled to summary judgment. The plaintiff has no lawful basis for recovering any damages in this case against National Surface Cleaning, Inc., either directly or on the basis of National Surface’s participation as a principal in the joint venture with Suffolk National.
2. To the extent that the Amended Third Party Complaint seeks recovery against National Surface Cleaning, Inc., National Surface is entitled to summary judgment. Suffolk Construction Company, Inc., has no lawful basis for recovering damages from National Surface Cleaning, Inc. on the contribution and indemnity claims alleged against the joint venture.
3. To the extent that the plaintiffs First Amended Complaint and Suffolk Construction’s Amended Third Party Complaint allege claims against the joint venture and Suffolk National Corporation, neither the joint venture nor Suffolk National Corporation are entitled to summary judgment on the basis of an employer’s workers’ compensation immunity.