STEPHEN SPANEAS *vs.* TRAVELERS INDEMNITY COMPANY.

Suffolk. May 9, 1996. - July 30, 1996.

Present: LIACOS, C.J., WILKINS, ABRAMS, GREANEY, & FRIED, JJ.

*Workers' Compensation Act,* Exclusivity provision. *Insurance,* Motor vehicle insurance, Uninsured motorist, Coverage. *Corporation,* Corporate entity.

In an action brought by an employee injured on the job in a motor vehicle accident seeking to recover uninsured motorist benefits under his employee's automobile insurance policy, the insurer properly raised the coverage issue decided by this court in *Berger* v. *H.P. Hood, Inc.,* 416 Mass. 652 (1993), in a motion for summary judgment filed while arbitration of the case was proceeding. [354]

This court declined to disregard a corporate entity for purposes of the sole stockholder's claim under the underinsured provisions of the corporation's automobile insurance policy that was otherwise barred by the exclusivity provisions of the Workers' Compensation Act. [354]

CIVIL ACTIONS commenced in the Superior Court Department on January 15, 1992, and January 17, 1992, respectively.

After the cases were consolidated for trial, a motion for summary judgment was heard by *Margaret R. Hinkle,* J.; the case was heard by *John C. Cratsley,* J., on motions to confirm an arbitration award and to vacate or modify the award; and motions for reconsideration of the summary judgment motion and for final judgment were heard by *Hinkle,* J.

The Supreme Judicial Court granted an application for direct appellate review.

*Alice Olsen Mann* (*Gary W. Harvey* with her) for the defendant.

*Thomas M. Neville* for the plaintiff.

WILKINS, J. This appeal by the defendant insurer (Travelers) in large measure presents issues that we resolved today in *National Union Fire Ins. Co.* v. *Figaratto, ante* 346 (1996). In January, 1989, Stephen Spaneas, an employee of Plaza Inn, Inc. (Plaza), was injured in a motor vehicle accident while in

the course of his employment. Spaneas was in a motor vehicle owned by Plaza that an unidentified vehicle forced off the road. He received workers' compensation benefits and sought to recover uninsured motorist (UM) benefits under a business automobile insurance policy that Travelers had issued to Plaza.

In January, 1992, Spaneas filed this complaint for arbitration of his claim for UM benefits against Travelers.[1] The arbitration commenced in December, 1993, about one week before our opinion was released in *Berger* v. *H.P. Hood, Inc.*, 416 Mass. 652 (1993), in which we rejected an employee's claim for UM benefits against his employer's insurers in circumstances that Travelers argues are similar to those in this case.

Three weeks after the *Berger* opinion was released, Travelers moved to stay the arbitration and for leave to file a motion for summary judgment late. A Superior Court judge declined to stay the arbitration but permitted Travelers to file a motion for summary judgment. Travelers promptly filed such a motion, which the same Superior Court judge denied. She did so in part on the ground that this case was distinguishable from the *Berger* case because Berger's employer was self-insured for automobile coverage and in this case the employer, Plaza, had UM coverage from Travelers. She also concluded that the principles stated in the *Berger* case should not be applied retroactively. We have considered and rejected each of these reasons in our opinion in the *Figaratto* case. *National Union Fire Ins. Co.* v. *Figaratto, supra.*

The arbitration continued, and, in May, 1994, the arbitrators found that Spaneas had sustained damages of $650,000, to be offset by workers' compensation benefits that he had received, with interest from the date of entry of his action against Travelers. Another Superior Court judge allowed Spaneas's motion to confirm the award and denied Travelers's motion to vacate the arbitration award. He ruled, in agreement with the judge who denied Travelers's motion for summary judgment, that the *Berger* case should not be given retroactive effect. Judgment was then entered against Travelers confirming the arbitrators' findings. We allowed Travelers's application for direct appellate review. We consider only is-

[1] We do not discuss parties involved or issues presented in the trial court that this appeal does not concern.

sues that we have not decided today in *National Union Fire Ins. Co.* v. *Figaratto, supra.*

The question of the availability of UM coverage to Spaneas was not submitted to the arbitrators. The insurance policy provided for arbitration on demand when Travelers and an insured did not agree on the insured's right to recover against the uninsured motorist or on the amount of damages. Those are the only issues on which the arbitrators made findings and awards to Spaneas. They decided that Spaneas had a claim against an uninsured motorist and the damages that he had sustained from the accident. Travelers, therefore, was properly entitled to raise the coverage issue by its motion for summary judgment filed while the arbitration proceeding was continuing, and indeed could have raised the coverage issue in a challenge to the entry of judgment confirming the arbitration award or by a motion to vacate the award. The coverage issue was for the court in the absence, as here, of an agreement to arbitrate the question. See *Royal Indem. Co.* v. *Blakely,* 372 Mass. 86, 87 n.2 (1977); *Aetna Casualty & Sur. Co.* v. *Poirier,* 371 Mass. 257, 259-260 (1976).

Spaneas argues that we should disregard the fact that Plaza, the named insured under Travelers's policy, was a corporation, and, because Spaneas was Plaza's sole shareholder, we should treat Spaneas as the insured. He would then, he argues, have a personal policy under which his claim would not be barred by the exclusivity provision of the workers' compensation law. A corporation is an independent legal entity, separate and distinct from its shareholders, officers, and employees. *Leventhal* v. *Atlantic Fin. Corp.,* 316 Mass. 194, 198 (1944). "Corporations may not 'assume the benefits of the corporate form and then disavow that form when it is to their and their stockholders' advantage.' " *Berger* v. *H.P. Hood, Inc.,* 416 Mass. 652, 658 (1993), quoting *Gurry* v. *Cumberland Farms, Inc.,* 406 Mass. 615, 626 (1990). Spaneas elected to use the corporate form and took advantage of his employee status to collect workers' compensation benefits. Only in rare instances, in order to prevent gross inequity, will a Massachusetts court look beyond the corporate form. *My Bread Baking Co.* v. *Cumberland Farms, Inc.,* 353 Mass. 614, 620 (1968). This is not such a case.

The judgment is reversed. Judgment shall be entered dismissing the plaintiff's complaint.

*So ordered.*