Berger *v.* H.P. Hood, Inc.

JOANNE E. BERGER[1] *vs.* H.P. HOOD, INC., & another[2]
(and a companion case[3]).

Middlesex. December 5, 1995. - January 16, 1997.

Present: WILKINS, C.J., O'CONNOR, GREANEY, & FRIED, JJ.

*Workers' Compensation Act,* Exclusivity provision. *Insurance,* Motor vehicle insurance, Underinsured motorist, Uninsured motorist. *Contract,* Insurance.

In a civil action, there was no merit to the plaintiff's claim that a prior order of remand for further proceedings in the Superior Court on a particular claim automatically reinstated earlier orders for partial summary judgment in favor of the plaintiff on that claim. [149-150]

In a civil action there was no merit to the plaintiff's claim to benefits under a certain insurance policy endorsement, where that endorsement did not obligate the insurer or the insured to make payments to another insured such as the plaintiff. [150]

A Superior Court judge correctly concluded that two insurance policies under which the plaintiff claimed underinsured motorist benefits did not encompass such coverage. [150-152]

This court ordered the imposition of double costs on a party's appellate counsel for an appeal deemed frivolous. [152]

CIVIL ACTION commenced in the Superior Court Department on January 17, 1986, and August 3, 1987, respectively.

Following review by this court, 416 Mass. 652 (1993), further proceedings were held before *Wendie I. Gershengorn,* J.

The Supreme Judicial Court granted an application for direct appellate review.

*Paul T. Sheils* for the plaintiff.

*Alice Olsen Mann* (*Richard W. Jensen* with her) for American Mobile Corporation.

*Peter J. McCue* for Massachusetts Insurers Insolvency Fund.

---

[1]Individually and as administratrix of the estate of Gerard P. Berger.

[2]American Mobile Corporation.

[3]Joanne E. Berger *vs.* First State Insurance Co. & another.

*Maureen Reilly* for First State Insurance Company.

O'CONNOR, J. The facts relevant to this appeal are set forth in *Berger* v. *H.P. Hood, Inc.*, 416 Mass. 652, 653-654 (1993) (*Berger I*) as follows: "On August 14, 1981, the plaintiff's decedent, Gerard P. Berger, was killed in an automobile accident while in the course of his employment as a truck driver for the defendant [H.P. Hood, Inc.]. [American Mobile Corporation], a wholly owned subsidiary of [H.P. Hood, Inc.], owned the tractor-trailer which Berger was operating at the time of his death. [American Mobile Corporation] had leased these vehicles to [H.P. Hood, Inc.], which assumed responsibility for their registration and insurance.

"At the time of the accident, [H.P. Hood, Inc.] self-insured its leased vehicles. To fulfil its financial obligations under the motor vehicle financial responsibility laws (G. L. c. 90, §§ 34A et seq. [1992 ed.]), [H.P. Hood, Inc.] had purchased a motor vehicle liability bond from the Aetna Insurance Company. The bond contained no provision for uninsured or underinsured motorist coverage. In addition, [H.P. Hood, Inc.] had also purchased an excess liability policy from Ideal Mutual Insurance Company, [Massachusetts Insurers Insolvency Fund's] predecessor and an umbrella policy from [First State Insurance Company].

"In compensation for her husband's death, the plaintiff received workers' compensation benefits from [H.P. Hood, Inc.]. In addition, the plaintiff recovered the maximum amount of money available under the insurance policy of the driver of the automobile that collided with the decedent's tractor-trailer. She also recovered underinsurance benefits under her husband's own automobile policy" (footnotes omitted).

In 1984, Ideal Mutual Insurance Company (Ideal), which had provided excess liability coverage to H.P. Hood, Inc. (Hood), became insolvent. The Massachusetts Insurers Insolvency Fund (Fund) is the defendant in Ideal's stead. G. L. c. 175D, § 1.

The plaintiff filed a complaint seeking underinsured motorist benefits from Hood and American Mobile Corporation (American), and later instituted a second action seeking such benefits from Fund and First State Insurance Company (First). The cases were consolidated in the Superior Court. On January 6, 1989, a judge in the Superior Court denied

motions for summary judgment filed by Hood, American, and Fund, and allowed the plaintiff's motion for partial summary judgment against those defendants. The judge denied Hood and American's motion for reconsideration on November 15, 1989, and ordered that "[j]udgment shall enter declaring that plaintiff's motion for partial summary judgment be allowed [as to Hood, American and Fund] on the issue of the availability of uninsured motorist benefits only." In December, 1989, the same judge granted summary judgment to First and denied the plaintiff's cross motion for summary judgment. As a result, Hood and American, joined by Fund, again moved for reconsideration of the summary judgment order against them and, on November 19, 1990, the judge allowed those motions and ordered that the "court's order of January 6, 1989 and the partial summary judgment of November 15, 1989 be vacated." The judge's reasoning was that "[t]he Workman's Compensation Statute, G. L. c. 152, § 23, specifically states that an employee's acceptance of payment under the Act constitutes a release to the insured of any claims or demands at common law. Accordingly, the plaintiff's claims against Ideal (now against Fund) and First State are barred by the exclusivity provision of the Act."[4]

A second Superior Court judge entered separate and final judgment for First on October 17, 1991, and for Hood, American, and Fund on March 4, 1992. The plaintiff appealed from those judgments, and the Appeals Court consolidated the appeals. We then transferred the case here on our own motion, see *Berger I, supra* at 654 n.7, and concluded as follows:

> "We affirm the judge's order allowing the motions for summary judgment requested by the defendants Hood, First, and Fund on the issue of Hood's [uninsured motorist] coverage. We vacate the judge's order allowing American's motion for summary judgment on the issue of American's [underinsured motorist] coverage. The case is remanded to the Superior Court for further proceedings on the plaintiff's claim against American." *Id.* at 658.

___

[4]General Laws c. 152, § 23 (1994 ed.), provides in part: "If an employee accepts payment of compensation under this chapter on account of personal injury . . . such action shall constitute a release to the insurer of all claims or demands at common law, if any, arising from the injury."

Following remand, the third Superior Court judge to preside in these consolidated actions denied the plaintiff's motions (1) for summary judgment against First and (2) to reinstate partial summary judgment and separate and final judgment against Fund. The judge reasoned that this court's order in *Berger I*, "only remanded the case for further proceedings against American" and that the plaintiff's claims against First and Fund were "unambiguously disposed of by the Supreme Judicial Court." The plaintiff then moved for reinstatement of orders for partial summary judgment as to American. In June, 1994, the same judge denied that motion and made the following relevant observations:

> "In support of her motion, plaintiff argues without any persuasive authority that orders for partial summary judgment entered for the plaintiff against American Mobile Corporation ('American') in 1989 should be reinstated by virtue of the Supreme Judicial Court's vacation of a 1990 judgment in favor of American. In the Supreme Judicial Court's decision, there was no mention of reinstating any prior Superior Court order. . . . The Supreme Judicial Court never ordered that the orders for summary judgment of January 6, 1989 and entry of judgment of November 15, 1989 be reinstated. Moreover, the plaintiff cites no persuasive authority for the proposition that following an appeal, there is such a thing as automatic reinstatement. The only case the plaintiff cites is not on point."

In September, 1994, the plaintiff moved in the Superior Court for an "Order Reinstating the Prior Orders and Final Judgment of this Court [Superior Court] as to the defendants American Mobile Corporation (American) and its insurer Massachusetts Insurers Insolvency Fund (Fund) or, as this Court may deem appropriate, the entry of Partial Summary Judgment on behalf of the Plaintiffs as to the Defendants, American and Fund and the additional insurer First State Insurance Company (First) on the issue of the availability of UM coverage to provide for the plaintiff's claim." The judge who had ruled on the other postremand motions discussed above ruled on the plaintiff's second reinstatement of partial summary judgment motion. She ordered that the plaintiff's motion for partial summary judgment be allowed as to Amer-

ican, and that a judgment enter against American in the amount of $10,000. The judge denied the plaintiff's motion for summary judgment as to First and Fund. Final judgments reflecting the judge's rulings were entered. In her memorandum of decision, the judge stated that the plaintiff's argument in support of her motion was that "the defendants are liable on various insurance policies for underinsured motorist coverage ('UM') benefits. Both Fund and First assert that the Supreme Judicial Court's decision in *Berger* v. *H.P. Hood, Inc.*, 416 Mass. 652 (1993), disposes of plaintiff's claims against them, and alternatively, that under the terms of their policies they are not liable for UM coverage. American argues that it is liable only for the statutorily mandated UM coverage. . . . The issues faced by this court are whether the Supreme Judicial Court's order disposes of plaintiff's claims against First and Fund, and furthermore, whether plaintiff has a valid claim against these parties. The Supreme Judicial Court's order states:

'We affirm the judge's order allowing the motions for summary judgment requested by defendants Hood, First, and Fund on the issue of Hood's UM coverage. We vacate the judge's order allowing American's motion for summary judgment on the issue of American's UM coverage. The case is remanded to the Superior Court for further proceedings on the plaintiff's claim against American.'

"This order disposes of plaintiff's claim against Hood (and therefore Fund and First as Hood's insurers) for UM coverage based on the fact that plaintiff's action is barred by the exclusivity provision of the Workers' Compensation Act. The order, however, allows plaintiff to proceed against American on this issue, because American is a separate and distinct corporation. Accordingly, plaintiff can proceed independently against First and Fund because they are American's insurers. Although First and Fund attempt to take shelter under the SJC's decision, the Court's opinion is clearly limited to plaintiff's rights against Hood. Here, as there is no similar bar to plaintiff's claim against American, plaintiff can also proceed against First and Fund.

"At this point, however, plaintiff's victory is hollow, as First and Fund are neither statutorily nor contractually

required to provide UM benefits. Umbrella insurance policies and excess insurance policies are not auto insurance policies pursuant to the UM statute, G. L. c. 175, § 113L, and are therefore not required to provide UM benefits. *Berger* v. *H.P. Hood, Inc., supra* at 657 n.10; *Liberty Mutual Ins. Co.* v. *McLaughlin,* 412 Mass. 492, 495 (1992). Thus, when insurers provide optional benefits, which are not subject to insurance statutes, the court is guided by the parties' contract. *Johnson* v. *Hanover Insurance Co.,* 400 Mass. 259, 266 (1987).

"Here, the policies by their clear terms do not encompass UM coverage. The Fund policy explicitly defines an uninsured vehicle as not including 'an insured highway vehicle.' Furthermore, there is no language in the First policy which provides coverage for UM benefits. Accordingly, First and Fund are not liable for UM benefits pursuant to the express terms of their insurance contracts.

"American, as a self insurer, is liable only to the extent required by statute. *Hartford Insurance Co.* v. *Hertz Corp.,* 410 Mass. 279, 287 n.10 (1991). In 1981, G. L. c. 175, § 113L(1), set the statutory UM coverage at $10,000.00. Accordingly, American is liable to plaintiff in the amount of $10,000.00."

The plaintiff appealed from the judgments entered in the two consolidated actions. The Appeals Court allowed the plaintiff's motion for consolidation on appeal and then this court allowed the plaintiff's application for direct appellate review. We affirm the judgments entered in the Superior Court following the remand order of this court in *Berger I,* and we impose double costs on plaintiff's appellate counsel.

We deal first with the plaintiff's argument that, as a result of this court's order in *Berger I, supra* at 658, vacating the Superior Court's November, 1990, judgment in favor of American, the 1989 orders for partial summary judgment for the plaintiff against American as matter of law have been reinstated. The plaintiff does not support her contention with case authority or reasoned argument. Our decision in *Berger I* that the exclusivity provision of the workers' compensation act, G. L. c. 152, § 23 (1992 ed.), does not bar the plaintiff's case against American does not require, hold or imply that the plaintiff is entitled to prevail in that action either through reinstatement of the 1989 orders or otherwise. As the postremand Superior Court judge observed, "[i]n the Supreme

Judicial Court's decision, there was no mention of reinstating any prior Superior Court order." We reject the plaintiff's "reinstatement" argument, and move to the plaintiff's second argument directed at American.

American concedes that it is liable to the plaintiff for $10,000, which was the statutory minimum of underinsured motorist benefits required by G. L. c. 175, § 113L. See *Hartford Ins. Co.* v. *Hertz Corp.*, 410 Mass. 279, 287 n.10 (1991). However, the plaintiff argues that, as a named insured in the policies issued by First and Ideal, American is not only obligated to pay the $10,000 statutory minimum but also is liable to the plaintiff under the Ideal policy's retention endorsement which states as follows:

> "In consideration of the premium charge, it is agreed: (1) That the company shall be liable only when the loss under this policy exceeds *$100,000* per occurrence or *$500,000* in the aggregate any one policy period. It is further understood that at which point the retention aggregate is exhausted, a new self-insured retention shall incept at the $25,000 level of limit. This new self-insured retention shall have no applying aggregate."

The plaintiff's argument lacks merit. As American states, this endorsement clearly does not obligate American or any insured to pay another insured, but simply makes clear that benefits are available under Ideal's excess policy only to the extent that losses exceed $100,000.

We turn now to whether Fund or First should be held liable to the plaintiff. Following remand, the Superior Court judge correctly determined that the policies' terms do not encompass underinsured motorist coverage. The First policy contains no language that could reasonably be construed as either underinsured or uninsured motorist coverage. The Ideal (Fund) policy contains an "Uninsured Motorists Insurance" endorsement, which provides that:

> "The company will pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured highway vehicle because of bodily injury sustained by the insured, caused by accident and rising

out of the ownership, maintenance or use of such uninsured highway vehicle."

An "uninsured highway vehicle," according to the definitions section of the Ideal policy, is:

"(a) a highway vehicle with respect to the ownership, maintenance or use of which there is, in at least the amounts specified by the financial responsibility law of the state in which the insured highway vehicle is principally garaged, no bodily injury liability bond or insurance policy applicable at the time of the accident with respect to any person or organization legally responsible for the use of such vehicle, or with respect to which there is a bodily injury liability bond or insurance policy applicable at the time of the accident but the company writing the same denies coverage thereunder or is or becomes insolvent; or (b) a hit-and-run vehicle."

It is undisputed that the plaintiff's decedent was not injured by an "uninsured highway vehicle" as defined by the Ideal policy. The plaintiff appears to argue that, although neither the Ideal nor the First policy, by its terms, provides underinsured motorist coverage, such language should be read into those policies because (1) such a provision was required by G. L. c. 175, § 113L, and (2) G. L. c. 175, § 193, provides that "[a]ny policy of insurance . . . issued in violation of any provision of this chapter shall be valid and binding upon the company issuing it, and the rights, duties and obligations of the parties thereto shall be determined by this chapter." General Laws c. 175, § 113L (1), provides:

"No policy shall be issued or delivered in the commonwealth with respect to a motor vehicle, trailer or semitrailer registered in this state unless such policy provides coverage in amounts or limits prescribed for bodily injury or death for a liability policy under this chapter, under provisions approved by the insurance commissioner, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles. . . ."

At the relevant time, G. L. c. 175, § 113L (2), defined the

term "uninsured motorist" as including "protection of persons injured thereunder who are legally entitled to recover damages from owners or operators of insured motor vehicles . . . whose policies . . . are insufficient in limits of liability to satisfy said damages."

We reject the plaintiff's arguments. We agree with the Superior Court judge that "[u]mbrella [State] insurance policies and excess [Ideal-Fund] insurance policies are not auto insurance policies pursuant to the UM statute, G. L. c. 175, § 113L, and are therefore not required to provide UM benefits. [*Berger I*,] *supra* at 657 n.10; *Liberty Mutual Ins. Co.* v. *McLaughlin*, 412 Mass. 492, 495 (1992). Thus, when insurers provide optional benefits, which are not subject to insurance statutes, the court is guided by the parties' contract. *Johnson* v. *Hanover Ins. Co.,* 400 Mass. 259, 266 (1987)."

The defendants have argued cogently that several of the plaintiff's arguments were waived by not having been presented sooner, or were foreclosed by the order of this court in *Berger I, supra* at 658: "The case is remanded to the Superior Court for further proceedings on the plaintiff's claim against American." We nevertheless choose to consider and discuss the issues raised by the plaintiff. We conclude that the plaintiff's arguments are unsupported by logic or authority and that the judgments for the defendant in the Superior Court should be affirmed. Also, although we decline to impose attorney's fees on plaintiff's counsel as requested by two of the defendants, we are satisfied that the imposition of double costs of this appeal, which we deem frivolous, also requested by the defendants, is appropriate. G. L. c. 211, § 10. Mass. R. A. P. 25, as amended, 378 Mass. 925 (1979). See *Avery* v. *Steele*, 414 Mass. 450, 457 (1993). We affirm the judgments below and impose double costs on the plaintiff's attorney from the time when the appeal was taken.

*So ordered.*