ONE COMMUNICATIONS CORP. (f/k/a Choice One Communications Inc.), Choice One Communications of Connecticut Inc., U.S. Xchange of Illinois L.L.C., U.S. Xchange of Indiana L.L.C., Choice One Communications of Maine Inc., U.S. Xchange of Michigan L.L.C., Choice One Communica-

tions of New York Inc., Choice One Communications of Ohio Inc., Choice One Communications of Pennsylvania Inc., Choice One Communications of Rhode Island, Inc., and U.S. Xchange of Wisconsin L.L.C., Plaintiffs,

v.

SPRINT NEXTEL CORPORATION, and Sprint Communications Company, L.P., Defendants.

Civil Action No. 06–12036–RGS.

United States District Court, D. Massachusetts.

July 11, 2007.

Mark S. Resnick, The Resnick Law Group, Boston, MA, for Plaintiffs.

Steven M. Cowley, Scott R. Magee, Edwards Angell Palmer Dodge LLP, Boston, MA, Philip R. Schenkenberg, Briggs & Morgan, P.A., Minneapolis, MN, for Defendants.

## MEMORANDUM AND ORDER ON MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

STEARNS, District Judge.

Having reviewed the Report prepared by Magistrate Judge Collings, and having considered the objections submitted by plaintiff One Communication Corp. (Choice One), I am persuaded that the Magistrate Judge's jurisdictional analysis is correct. For purposes of diversity jurisdiction, the citizenship of an unincorporated entity is determined by the citizenship of all of its members. *C.T. Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–197, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990). A limited partnership is thus deemed to be a citizen of every state in which any one of its general or limited partners is a citizen. *American Fiber & Finishing, Inc. v. Tyco Healthcare Group, LP*, 362 F.3d 136, 138 (1st Cir.2004). *See also Pramco, LLC ex rel. CFSC Consortium LLC v. San Juan Bay Marina, Inc.*, 435 F.3d 51, 54–55 (1st Cir.2006) (limited liability companies); *Emerald Investors Trust v. Gaunt Parsippany Partners*, 492 F.3d 192, 205, 2007 WL 1695342, at *11 (3d Cir.2007) (trustees and beneficiaries of a business trust).

Under the rule of *Carden*, each of the L.L.C. subsidiaries of plaintiff Choice One is a citizen of Delaware, the state in which Choice One is incorporated. (Choice One has a principal place of business in New York State). Defendant Sprint Nextel Corp. (Sprint Nextel) is a Kansas corporation with a principal place of business in Virginia. Defendant Sprint Communications Company, L.P. (SCC), is a Delaware limited partnership with a principal place of business in Kansas. Because the L.L.C. Choice One plaintiffs share Delaware citizenship with defendant SCC, diversity is defeated and this court lacks subject matter diversity jurisdiction. *See Exxon Mobil Corp. v. Allapattah Serv., Inc.*, 545 U.S. 546, 553–554, 125 S.Ct. 2611, 162 L.Ed.2d 502 (2005).[1]

---

1. Diversity of citizenship "must be complete" for purposes of 28 U.S.C. § 1332. *In re Olympic Mills Corp.*, 477 F.3d 1, 6 (1st Cir. 2007). "Since diversity of citizenship is a jurisdictional requirement, the Court is al- ways 'called upon to decide' it." *Carden*, 494 U.S. at 195, 110 S.Ct. 1015. *See also Riley v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.*, 292 F.3d 1334, 1336 (11th Cir.2002) ("As always, jurisdiction is a threshold inquiry that

Choice One attempts to avoid the inevitable by arguing in its Objections to the Report and Recommendation that the court should disregard the citizenship of SCC by treating it as a mere alter ego of Sprint Nextel. Because Sprint Nextel "pervasively controls" SCC, or so the argument goes, the court should ignore SCC's corporate existence and impute to SCC the attributes of its parent company, including Sprint Nextel's (non-Delaware) citizenship. Massachusetts law, however, is more stringent than most when it comes to piercing of the "corporate veil." "Only in rare instances, in order to prevent gross inequity, will a Massachusetts court look beyond the corporate form." *Spaneas v. Travelers Indem. Co.*, 423 Mass. 352, 354, 668 N.E.2d 325 (1996). While Choice One posits a litany of supposed examples of Sprint Nextel's casual regard for corporate formalities, these do not, singly or collectively, satisfy the multi-factor test of *My Bread Baking Co. v. Cumberland Farms, Inc.*, 353 Mass. 614, 620, 233 N.E.2d 748 (1968).[2] *See also Pepsi–Cola Metro. Bottling Co. v. Checkers, Inc.*, 754 F.2d 10, 14–16 (1st Cir.1985).[3]

## ORDER

For the foregoing reasons, the Recommendation of the Magistrate Judge is *ADOPTED* and the Complaint is *DISMISSED* for want of subject matter jurisdiction.

SO ORDERED.

---

[federal courts] are required to consider before addressing the merits of any claim.").

**2.** The list consists principally of the common badges of a parent-subsidiary relationship, such as close parental oversight of the subsidiary's finances. Absolute ownership and control of a subsidiary does not in and of itself render the subsidiary an alter ego of the parent corporation. *Berger v. H.P. Hood, Inc.*, 416 Mass. 652, 658, 624 N.E.2d 947 (1993); *M. McDonough Corp. v. Connolly*, 313 Mass.

## REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION, LACK OF PERSONAL JURISDICTION AND FAILURE TO STATE A CLAIM (# 16)

COLLINGS, United States Magistrate Judge.

### I. Introduction

On November 7, 2006, plaintiff One Communications Corp. ("Choice One") and its subsidiaries in eleven jurisdictions (together with Choice One, "the plaintiffs") filed a complaint against Sprint Nextel Corp. ("Sprint Nextel"). Approximately four months later on March 1, 2007, the plaintiffs filed a first amended complaint (# 27) which deleted one plaintiff, Choice One Communications of Massachusetts, and added a defendant, Sprint Communications Company L.P. ("SCC" or, together with Sprint Nextel, "the defendants"). The claims alleged against the defendants are as follows: breach of tariff (Count I), quantum meruit (Count II), violation of Massachusetts General Laws chapter 93A (Count III), and unjust enrichment (Count IV).

In due course the defendants filed a motion to dismiss (# 16) the amended complaint in its entirety for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), Fed.R.Civ.P., or, in the alterna-

---

62, 66, 46 N.E.2d 576 (1943). *Compare In re Lupron Marketing Litig.*, 245 F.Supp.2d 280, 298–299 (D.Mass.2003).

**3.** The court disagrees that *Sorenson v. H & R Block, Inc.*, 2002 WL 31194868 *5 (D.Mass.), and *Ruiz v. Bally Total Fitness Holding Corp.*, 447 F.Supp.2d 23, 26–27 (D.Mass.2006), support Choice One's veil piercing argument. The factual circumstances of those cases have no bearing on the jurisdictional question at issue here.

tive, for lack of personal jurisdiction under Rule 12(b)(2), Fed.R.Civ.P., or to dismiss Count III for failure to state a claim pursuant to Rule 12(b)(6), Fed.R.Civ.P. Accompanying the dispositive motion were a supporting memorandum (# 17) and affidavit with exhibits (# 18). The plaintiffs filed a memorandum in opposition to the defendants' motion to dismiss (# 21) together with affidavits in opposition (## 22, 23, 24) and exhibits (## 25, 26). With leave of court, the defendants filed a reply memorandum (# 29) with an affidavit and exhibits (# 30) to which the plaintiffs then filed a sur-reply memorandum (# 33).

At this juncture the record on the motion to dismiss is complete and the dispositive motion stands ready for decision.

## II.  The Pertinent Facts

Because this motion can be decided with some dispatch, the recitation of facts shall be abbreviated. Plaintiff Choice One is a Delaware corporation with a principal place of business in Rochester, New York. (# 27 ¶ 4) Plaintiff Choice One Communications of Connecticut Inc. is a Delaware corporation presumably with a principal place of business in Connecticut. (# 27 ¶ 5) Plaintiff U.S. Xchange of Illinois L.L.C., a wholly owned subsidiary of Choice One, is alleged to be "a limited liability company formed under the laws of the State of Delaware." (# 27 ¶ 6) Plaintiff U.S. Xchange of Indiana L.L.C., a wholly owned subsidiary of Choice One, is alleged to be "a limited liability company formed under the laws of the State of Delaware." (# 27 ¶ 7) Plaintiff Choice One Communications of Maine Inc. is a Delaware corporation presumably with a principal place of business in Maine. (# 27 ¶ 8) Plaintiff U.S. Xchange of Michigan L.L.C., a wholly owned subsidiary of Choice One, is alleged to be "a limited liability company formed under the laws of the State of Delaware." (# 27 ¶ 9) Plaintiff Choice One Communi-

cations of Ohio Inc. is a Delaware corporation presumably with a principal place of business in Ohio. (# 27 ¶ 10) Plaintiff Choice One Communications of Pennsylvania Inc. is a Delaware corporation presumably with a principal place of business in Pennsylvania. (# 27 ¶ 11) Plaintiff Choice One Communications of Rhode Island Inc. is a Delaware corporation presumably with a principal place of business in Rhode Island. (# 27 ¶ 12) Plaintiff U.S. Xchange of Wisconsin L.L. C., a wholly owned subsidiary of Choice One, is alleged to be "a limited liability company formed under the laws of the State of Delaware." (# 27 ¶ 13) Plaintiff Choice One Communications of New York is a Delaware corporation presumably with a principal place of business in New York. (# 27 ¶ 14)

Defendant Sprint Nextel Corp. (hereinafter "Sprint Nextel") is a Kansas corporation with a principal place of business in Reston, Virginia. (# 27 ¶ 15) Defendant Sprint Communications Company L.P. (hereinafter "SCC") is a Delaware limited partnership with a principal place of business in Kansas. (# 27 ¶ 16)

## III.  The Law

The defendants seek dismissal pursuant to Rule 12(b)(1), Fed.R.Civ.P., based on lack of federal subject matter jurisdiction. Because federal courts are considered courts of limited jurisdiction, "federal jurisdiction is never presumed." *Viqueira v. First Bank,* 140 F.3d 12, 16 (1st Cir. 1998). Rather, "'the party invoking the jurisdiction of a federal court carries the burden of proving its existence.'" *Murphy v. United States,* 45 F.3d 520, 522 (1st Cir.), *cert. denied,* 515 U.S. 1144, 115 S.Ct. 2581, 132 L.Ed.2d 831 (1995) (quoting *Taber Partners, I v. Merit Builders, Inc.,* 987 F.2d 57, 60 (1st Cir.), *cert. denied sub. nom, Desarrollos Metropolitanos, Inc. v. Taber Partners I,* 510 U.S. 823, 114 S.Ct. 82, 126 L.Ed.2d 50 (1993)). The burden is

triggered when a motion is filed pursuant to Rule 12(b)(1), Fed.R.Civ.P. *See Thomson v. Gaskill,* 315 U.S. 442, 446, 62 S.Ct. 673, 86 L.Ed. 951 (1942); *Aversa v. United States,* 99 F.3d 1200, 1209 (1st Cir.1996); *Murphy,* 45 F.3d at 522.

The First Circuit has held that the proponent must clearly indicate the grounds upon which the Court may properly exercise jurisdiction over the matter presented: " '[i]t is black-letter law that jurisdiction must be apparent from the face of the plaintiffs' pleading'." *PCS 2000 LP v. Romulus Telecomms., Inc.,* 148 F.3d 32, 35 (1st Cir.1998) (quoting *Viqueira,* 140 F.3d at 18). Hence, if the plaintiff fails to show a basis for either diversity or federal question jurisdiction, the district court must grant the defendant's Rule 12(b)(1) motion.

Subject matter jurisdiction in this case is premised upon diversity under 28 U.S.C. § 1332. Complete diversity is required; each plaintiff must be diverse to every defendant for each claim. The Supreme Court recently noted that

> The Court ... has adhered to the complete diversity rule in light of the purpose of the diversity requirement, which is to provide a federal forum for important disputes where state courts might favor, or be perceived as favoring, home-state litigants. The presence of parties from the same State on both sides of a case dispels this concern ...

*Exxon Mobil Corp. v. Allapattah Services, Inc.,* 545 U.S. 546, 553–554, 125 S.Ct. 2611, 162 L.Ed.2d 502 (2005).

### IV. Discussion

■ According to the allegations of the first amended complaint, defendant SCC is a Delaware limited partnership with its principal place of business in Overland Park, Kansas. "For purposes of diversity jurisdiction, a limited partnership is deemed to be a citizen of every state of which any of its general or limited partners are citizens." *American Fiber & Finishing, Inc. v. Tyco Healthcare Group, L.P.,* 362 F.3d 136, 138 (1st Cir.2004) (citing *Carden v. Arkoma Assocs.,* 494 U.S. 185, 195–196, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990)). Since one of its limited partners, Sprint International Communications Corporation, is a Delaware entity,[4] SCC is deemed to be a citizen of Delaware. All of the corporate plaintiffs are incorporated under the laws of Delaware, so each is a citizen of Delaware.

■ As a further point, it is to be noted that each of the four plaintiff limited liability companies is alleged to have been "formed under the laws of the State of Delaware." The place of formation, however, is not the test to be applied to determine the citizenship of the L.L.C. Last year, the First Circuit decided a question of first impression with respect to the citizenship of limited liability companies, holding that:

> The citizenship of an unincorporated entity, such as a partnership, is determined by the citizenship of all of its members. *Carden v. Arkoma Assoc.,* 494 U.S. 185, 195–96, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990) (limited partnership). Neither the Supreme Court nor this circuit has yet directly addressed whether that rule also applies to limited liability companies. However, every circuit to consider this issue has held that the citizenship of a limited liability company is determined by the citizenship of all of its members. *See Gen. Tech. Applications, Inc. v. Exro Ltda,* 388 F.3d 114, 121 (4th Cir.2004); *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.,* 357 F.3d 827, 829 (8th Cir.2004); *Roll-*

4. Affidavit of Scott W. Andreasen # 18 ¶ 15(c).

*ing Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir.2004); *Provident Energy Assocs. of Mont. v. Bullington*, 77 Fed. Appx. 427, 428 (9th Cir.2003); *Homfeld II, L.L.C. v. Comair Holdings, Inc.*, 53 Fed.Appx. 731, 732–33 (6th Cir.2002); *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51–52 (2d Cir. 2000); *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir.1998); *see also* 13B Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure: Juris.2d § 3630 (Supp.2005). We see no reason to depart from this well-established rule.

*Pramco, LLC ex rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc.*, 435 F.3d 51, 54–55 (1st Cir.2006); *see also ConnectU, Inc. v. Zuckerberg*, 482 F.Supp.2d 3, 8–9, 2007 WL 1098163, *4–5 (D.Mass.2007); *JMTR Enterprises, L.L.C. v. Duchin*, 42 F.Supp.2d 87, 93–94 (D.Mass.1999).

■ The plaintiffs have not alleged the citizenship of the various plaintiff limited liability companies. However, as wholly owned subsidiaries of Choice One, each of the L.L.C. plaintiffs is deemed to be a citizen of Delaware and New York, the states of which their owner is a citizen. *See, e.g., Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir.2006)("We therefore join our sister circuits and hold that, like a partnership, an LLC is a citizen of every state of which its owners/members are citizens."); *Cattie v. Wal-Mart Stores, Inc.*, 2007 WL 935582,

*1 (S.D.Cal. Mar. 21, 2007)(limited liability company that is a wholly owned subsidiary of a corporation shares the citizenship of its parent corporation). If Choice One as the sole owner of the L.L.C. is the only "member" of each of the plaintiff L.L.C. s, then those plaintiffs also share citizenship with defendant SCC.[5]

In short, there is no diversity between any of the plaintiffs and SCC. As a consequence, the amended complaint should be dismissed under Fed.R.Civ.P. 12(b)(1), Fed.R.Civ.P.

## V. Conclusion and Recommendation

For the reasons stated, I RECOMMEND that the Defendants' Motion To Dismiss For Lack Of Subject Matter Jurisdiction, Lack of Personal Jurisdiction And Failure To State A Claim (# 26) be ALLOWED on the ground of lack of subject matter jurisdiction and that judgment enter to that effect.

## VI. Review by the District Judge

The parties are hereby advised that pursuant to Rule 72, Fed.R.Civ.P., any party who objects to this recommendation must file a specific written objection thereto with the Clerk of this Court within 10 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated

---

**5.** The Internal Revenue Service defines a Limited Liability Company, in part, as follows:

A Limited Liability Company (LLC) is a relatively new business structure allowed by state statute.

\* \* \*

**Owners of an LLC are called members.** Since most states do not restrict ownership, members may include individuals, corporations, other LLC's and foreign entities. There is no maximum numbers of members. Most states permit "single member" LLC's, those have only one owner.

I.R.S. Publication 3402 (Rev.7–2000), available at http://www.irs.gov/pub/irs-pdf/p3402.pdf (emphasis supplied).

that failure to comply with Rule 72(b), Fed.R.Civ.P., shall preclude further appellate review. *See Keating v. Secretary of Health and Human Services,* 848 F.2d 271 (1st Cir.1988); *United States v. Emiliano Valencia–Copete,* 792 F.2d 4 (1st Cir.1986); *Scott v. Schweiker,* 702 F.2d 13, 14 (1st Cir.1983); *United States v. Vega,* 678 F.2d 376, 378–379 (1st Cir.1982); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603 (1st Cir.1980); *see also Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).

May 17, 2007.