A. M. SEAWRIGHT, Jr. *v.* UNITED STATES FIDELITY AND GUARANTY CO., et al

81-148                                          627 S.W. 2d 557

Supreme Court of Arkansas
Opinion delivered February 8, 1982

*Frederick S. "Rick" Spencer,* for appellant.

*Bill H. Walmsley,* for appellees.

FRANK HOLT, Justice. This appeal is from a circuit court's order granting appellee's motion to dismiss appellant's complaint because of the exclusive remedy provisions

of the Workers' Compensation Law, Ark. Stat. Ann. § 81-1304 (Repl. 1976) and for failure to state a cause of action. Appellant insists the court erred in holding the Act as being the exclusive remedy for the asserted fraudulent conduct of the insurer inasmuch as the employer-insured was also the husband of the claimant. Therefore, the court erred in dismissing his complaint as not stating a cause of action.

The appellant, the insured, brought this independent action against appellee, his insurance carrier, for fraud or deceit, bad faith in tort, breach of a fiduciary relationship and intentional interference with a protected property interest in handling a workers' compensation claim. Appellee had accepted the claim of appellant's employee-wife as a compensable one, paying only certain medical expenses. However, it is alleged that the appellee's agent fraudulently misrepresented the extent or scope of the insurance coverage to appellant employer. As a result of the fraudulent misrepresentation, the appellant and his wife were lulled into not filing a claim for additional benefits within the statute of limitations to the detriment of the employee-wife and also to the detriment of her husband, the insured employer. He alleged that he had sustained substantial compensable losses which included workers' compensation benefits; i.e., his wife's past and future medical, hospital and disability benefits. Also, he had suffered "other economic losses" in amounts not fully ascertained and reserved the right to amend his complaint according to the proof.

This separate action by appellant was filed while his wife's claim for additional benefits was pending before the Workers' Compensation Commission. The Court of Appeals affirmed the Commission's finding that her claim for additional benefits was barred by the statute of limitations and there was nothing in the record to "show that the appellee insurance carrier, because of something it had done or failed to do, caused the appellant [wife] to fail to timely file her claim with the Arkansas Workers' Compensation Commission." *Seawright* v. *Seawright Super Saver et al,* 1 Ark. App. 26 (1981).

Here, appellant argues that he is bringing this action

for fraud and deceit as the employer-insured; therefore, his cause of action is not barred by the exclusive remedy provisions of the Workers' Compensation Law. § 81-1304, *supra*. That section provides:

> The rights and remedies herein granted to an employee . . . on account of injury or death, shall be exclusive of all other rights and remedies of such employee, his legal representative, dependents, or next of kin, or any one otherwise entitled to recover damages from such employer . . . .

Clearly, this act provides an exclusive remedy to recover damages from an employer based on an employee's injury. *Odom* v. *Arkansas Pipe & Scrap Material Company*, 208 Ark. 678, 187 S.W. 2d 320 (1945). This type of statute is generally inclusive of common law rights. Larson, Workmen's Compensation Law, Vol. 2A, § 66.00, p. 12-20.

The Workers' Compensation Law provides coverage for employees for "accidental injury arising out of and in the course of employment . . . ." § 81-1302 (d). Under the statute the primary obligation to pay compensation is on the employer, who is required at his peril to carry a policy of insurance. Ark. Stat. Ann. § 81-1304 (Repl. 1976). For reasons of public policy there is an essential unity between the employer and his compensation insurance carrier. Otherwise the employee might have two cases to litigate, one to establish the employer's substantive liability and the other to show that the insurer's policy covered that liability. *Empire Life & Hosp. Ins. Co.* v. *Armorel Planting Co.*, 247 Ark. 994, 449 S.W. 2d 200 (1970). In the case at bar the policy is not in the record, but in the usual form such a policy insures only the employer's liability as an employer, not as an individual. That liability on the part of the appellant was discharged when his employee's claim was barred by limitations. Any liability he may have had as a husband, not as an employer, is not shown by the complaint to be within the policy, it being affirmatively alleged that the policy was issued pursuant to the Worker's Compensation Law. The appellant's general liability as an individual might be covered by some form of insurance. However, it is not shown to be covered by the appellee's policy. We hold the court

correctly dismissed appellant's complaint for failure to state a cause of action.

Neither do we agree with the appellant that § 81-1304 is unconstitutional nor is it unconstitutionally applied here. See *Seawright* v. *Seawright Super Saver et al, supra; Hagger* v. *Wortz Biscuit Co.,* 210 Ark. 318, 196 S.W. 2d 1 (1946); and *Young* v. *G. L. Tarlton Contractor, Inc.,* 204 Ark. 283, 162 S.W. 2d 477 (1942).

Affirmed.