**Samuel Carlton WILSON and Flora Idell Wilson, his wife, Appellants,**

v.

**BELOIT CORPORATION; John Doe Defendants 1–10, Appellees.**

No. 88–1126.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 23, 1988.

Decided March 16, 1989.

Robert S. Tschiemer, Little Rock, Ark., for appellants.

Dennis L. Shackleford, El Dorado, Ark., for appellees.

Before ARNOLD and BEAM, Circuit Judges, and CAHILL,* District Judge.

BEAM, Circuit Judge.

Samuel Carlton Wilson and Flora Idell Wilson appeal from an order of the district court which order granted summary judgment to Mr. Wilson's employer, the International Paper Company (IPC). We now reverse and remand.

## I. BACKGROUND

On April 24, 1984, Mr. Wilson (appellant) suffered a severe leg injury while working at IPC. A particular machine was allegedly the cause of the injury. Appellant was awarded workers' compensation benefits for the accidental injury.

Appellant then commenced an action against the Beloit Corporation in its capacity as the manufacturer, seller, lessor or supplier of the machine that caused appellant's injury under a theory of strict liability in tort. Unfortunately, in the period between injury and lawsuit, component parts to the machine were lost.

Appellant believes that his lawsuit against Beloit is irreparably damaged without the lost items. Thus, appellant also sued IPC on the theory that it is liable to appellant in an amount equal to the value of his claim against Beloit. Appellant's theory of liability is that the component parts were intentionally destroyed or negligently lost by IPC. The district court granted IPC summary judgment on appellant's claim.

* The HONORABLE CLYDE S. CAHILL, United States District Judge for the Eastern District of Missouri, sitting by designation.

## II. DISTRICT COURT'S RULING

The district court was of the view that appellant's claim against IPC sought to circumvent the immunities accorded an employer under the Arkansas Workers' Compensation Act. The court believed that the damages Wilson could recover from IPC would, in effect, amount to the same damages he received from workers' compensation. In other words, because the amount of damages flowing from a successful products liability claim against Beloit would be based on the injuries caused by the machine, allowing appellant to pursue IPC for the value of that claim would circumvent exclusive remedy and immunity provisions contained in the workers' compensation statutes. While we commend the district court's focus on the substance of appellant's claim, we must disagree with the court's conclusion that appellant's action against IPC is barred by workers' compensation law.

### A. Applicability of Compensation Statute

We do not believe that the Arkansas Workers' Compensation Act applies to the injury, if any, sustained by IPC's negligent or intentional interference, if any, with appellant's cause of action against Beloit (through the loss of the component parts). An examination of the Act bears this out.

The Act applies only to claims for "injuries and death based upon accidents." Ark.Code Annot. § 11–9–103(b). The "rights and remedies granted to an employee * * * on account of injury or death, shall be exclusive." *Id.* at § 11–9–105(a). Where there are no rights or remedies granted on account of the injury sustained, then Arkansas courts find that the Act does not apply and the employer is not protected by the exclusivity provision. *See Braman v. Walthall*, 215 Ark. 582, 225 S.W.2d 342, 344 (1949).

### B. The Injury at Issue

Appellant claims to have been injured by the loss of the machine's component parts.

The loss, appellant argues, has damaged his tort claim against Beloit. The rights and remedies provided under the Act are compensation for lost wages and permanent physical impairment, and payment of medical expenses on account of the workplace injury. *See Kifer v. Liberty Mut. Ins. Co.*, 777 F.2d 1325, 1328 (8th Cir.1985). While the claim against Beloit may include such losses, ordinarily the range of damages recoverable under a third party action permitted by compensation law is broader.

Also, it is obvious that the loss of the parts did not cause appellant to suffer physical impairment, suffer lost wages, or incur medical expenses. Rather, the loss of the component parts purports to have prejudiced the tort claim against Beloit. We can find nothing in the language of the Act which can be construed to include damages arising from such collateral negligence or intentional conduct.

If IPC had a duty to preserve the parts, and breached it, appellant has no right or remedies under the compensation act for the injury to his cause of action against Beloit. *Cf. Braman*, 225 S.W.2d at 344 (Act does not encompass damage to reputation caused by slander). Thus, the exclusive remedy and immunity language of the law has no applicability.

Finally, the fact that the recoverable damages under appellant's cause of action against Beloit includes, at least in part, harm already remedied under the workers' compensation statute is not dispositive. As already indicated, appellant's action against Beloit is expressly authorized by Ark.Code Annot. § 11–9–410. Moreover, employer IPC is entitled, from any amount recovered from Beloit, to reimbursement for expenditures made to its employee Wilson. *See* Ark.Code Annot. § 11–9–410(a)(2). The Act was not intended to extend to an employer immunity from damages for an injury to an employee's cause of action against a third party. Even though the employer will have a setoff against at least part of the damages established in the third party action because of compensation benefits paid, the employee has a right to seek reimbursement against the third party for losses incurred, especially those in excess of scheduled benefits provided by law.[1]

## III. DUTY

The district court made no ruling on whether IPC had (1) a statutory duty to preserve the component parts for the injured employee; (2) assumed a duty to preserve them; or (3) a duty imposed under Arkansas tort law. Thus, we remand for a determination of whether there was any such duty. If the court finds none, then the matter should be dismissed—not because of the workers' compensation statute—but because appellant and his wife have suffered no cognizable injury.

If the court does find that there was a duty to preserve the parts, then the court should proceed as it would in any other breach of contract or tort case, giving, of course, due respect to the employer's subrogation rights against any recovery by Wilson against Beloit.

## IV. CONCLUSION

The Arkansas Workers' Compensation Statute does not provide the exclusive remedy for the injury in question. Therefore, we reverse the district court's conclusion in this regard. There is some question of whether IPC had a duty to preserve the component parts and whether it breached the duty. Accordingly, we remand for a determination of the duty, if any, IPC had to preserve the component parts and to avoid damage to appellant's cause of action against the Beloit Corporation and for further action in conformance with this opinion.

1. This case is distinguishable from *Seawright v. United States Fidelity*, 275 Ark. 96, 627 S.W.2d 557 (1982). In *Seawright*, there was no cause of action against the insurance carrier because its coverage did not apply to the injury in question, and, by implication, its policyholder was not its agent. *See id.* 627 S.W.2d at 559. There was no holding that the employer, qua employer, could not be sued.