Troy Allen GULLETT *v.* Cecily BROWN and Gallagher-Bassett Services, Inc. as Administrator of Self-insurance Plan of Uninsured Motorists for Pulaski County, Arkansas

90-320                                      820 S.W.2d 457

Supreme Court of Arkansas
Opinion delivered December 16, 1991

*Hoofman & Bingham, P.A.*, by: *John Biscoe Bingham*, for appellant.

*The Walter Murray Law Firm, P.A.*, for appellees.

STEELE HAYS, Justice. By this appeal we are asked to hold that workers' compensation benefits are not the exclusive remedy of an employee injured in the course of his employment by an uninsured motorist where those benefits are provided by the employer's self-insurance. We decline that request and affirm the trial court.

In September, 1987 Troy Allen Gullett was injured in a motor vehicle collision. Gullett was a passenger in a vehicle belonging to his employer, Pulaski County, and being driven by another county employee. The other vehicle was driven by Cecily Brown. Gullett brought this action at law against Cecily Brown, Gallagher-Bassett Services, Inc., as administrator of a self-insurance plan of Pulaski County, and Jason Ruby and others as director and representatives of Metroplan Risk Management Association. The complaint alleges that Brown's negligence was the proximate cause of the accident, that Brown was uninsured and that at the time of the occurrence Pulaski County had in effect an agreement to provide uninsured motorist coverage on its vehicles through a self-insurance agreement administered by Gallagher-Bassett which coverage inured to Gullett's benefit. Gullett sought damages against the defendants in the sum of $100,000, costs and attorneys fees.

Cecily Brown generally denied the allegations of the complaint and the remaining defendants filed a motion to dismiss the complaint for lack of subject matter jurisdiction and for failure to state facts upon which relief could be granted. Ark. R. Civ. P. 12(b)(6). The motion alleged that Pulaski County was self-

insured for workers' compensation, that Gullett's injuries were incurred in the course of his employment, that Gullett had filed for and was receiving workers' compensation benefits and such benefits constitute an exclusive remedy under the Arkansas Workers' Compensation Act. The motion further alleged that Pulaski County is a self-insured for uninsured motorists.

In response, Gullett alleged that Pulaski County had purchased a plan of insurance through the Metroplan Risk Management Association and said uninsured motorist was reinsured through an insurance carrier and administered by Gallagher-Bassett. Gullett admitted his injuries arose from the scope of his employment but denied that workers' compensation was an exclusive remedy where the injured employee is a beneficiary of a policy of uninsured motorist coverage, citing *The Travelers Insurance Co. v. National Farmers Union Property and Casualty Co., et al.*, 252 Ark. 624, 480 S.W.2d 585 (1972).

The circuit court entered an order finding that Cecily Brown was an uninsured motorist at the time of the accident, that Gullett had collected workers' compensation benefits under coverage maintained by Pulaski County through Metroplan Risk Management Association, that Pulaski County had in effect an agreement through the association "to provide uninsured motorists coverage for vehicles owned by Pulaski County and that said self-insurance was administered by Gallagher-Bassett Services, Inc." Upon those findings the complaint was dismissed as to all defendants but Cecily Brown. Subsequently, Gullett took a non-suit as to Cecily Brown and appealed from the order of dismissal.

Appellant relies entirely on the case of *Travelers Insurance Co. v. National Farmers Union Property and Casualty Co., et al., supra*. In *Travelers*, the employee, Calvin McCord, was killed when he was struck by an uninsured motorist. Travelers paid workers' compensation to McCord's dependents and sought subrogation against the proceeds recovered by McCord's estate under McCord's uninsured motorists coverage through National Farmers Union Property and Casualty, a policy bought and paid for by McCord. We affirmed the trial court's denial of subrogation by Travelers against uninsured motorist benefits payable to Calvin McCord's administratrix. Travelers relied primarily on Ark. Code Ann. § 11-9-410(a)(1) (1987), providing that the

making of a claim for workers' compensation "shall not affect the right of the employee, or his dependents, to make claim or maintain an action in court against any third party for such injury" and awarding the compensation carrier two-thirds of the net proceeds. Noting that uninsured motorist coverage is a form of accident or indemnity insurance, we said that if Travelers could subrogate as to McCord's own uninsured motorist recovery, there would be no reason why McCord's health, accident and hospital insurance benefits would not also be subject to subrogation by a workers' compensation carrier:

> A workmen's compensation carrier has no more right under the subrogation statute to benefit from this type of insurance *which a covered employee elects to take at his own expense* than it would from the proceeds of health, accident, or hospital insurance. [Our emphasis.]

We regard it as a significant distinction that in *Travelers* the uninsured motorist coverage was provided under the *employee's* own policy, acquired by the employee and to which Travelers had no claim whatever. There are frequent references throughout that opinion to the fact that it was McCord who bought and paid for the policy under which the benefits were provided and it is clear this court placed considerable emphasis on that circumstance, which, as we have seen, is wholly absent in the case before us. We also note that in *Travelers* the court never reached the exclusivity rule, an additional indication of the dissimilarity between the two cases.

Turning elsewhere for guidance, we believe the case of *Mitchell* v. *Philadelphia Electric Company*, 422 A.2d 556 (1980), is instructive. Mitchell was injured while a passenger in a truck owned by his employer, Philadelphia Electric Company. The injuries were caused by an uninsured motorist. The electric company was self-insured. Mitchell brought this action against his self-insured employer to recover the equivalent of uninsured motorists benefits.

The electric company defended on the theory that Pennsylvania's uninsured motorists statute, like our own, [Ark. Code Ann. § 23-89-403 (1987)] was not obligatory and that workers' compensation benefits were an exclusive remedy as to *any* cause of action by an employee against an employer. Conceding that a

claim for uninsured motorist benefits sounded more in contract than in tort, the court held nevertheless that the language of Pennsylvania workers' compensation act does not except contract actions from the exclusivity rule and sustained the trial court's dismissal of Mitchell's asserted action at law. That holding was reaffirmed in *Lewis* v. *School District of Philadelphia*, 538 A.2d 862 (1988).

■ Our own statute, Ark. Code Ann. § 11-9-105 (1987), like Pennsylvania's, makes no exception for contract actions and in numerous decisions we have interpreted the act as exclusive of all other rights and remedies. *See,* e.g., *Seawright* v. *U.S.F.&G. Co.*, 275 Ark. 96, 627 S.W.2d 557 (1982):

> The rights and remedies herein granted to an employee . . . on account of injury or death, shall be exclusive of all other rights and remedies of such employee, his legal representative, dependents, or next of kin, or anyone otherwise entitled to recover damages from such employer. . . .

For the reasons stated the order is

Affirmed.