346 . 423 Mass. 346

National Union Fire Insurance Co. of Pittsburgh, PA. *v.* Figaratto.

NATIONAL UNION FIRE INSURANCE COMPANY OF
PITTSBURGH, PA. *vs.* RICHARD FIGARATTO & another.[1]

Suffolk. May 9, 1996. - July 30, 1996.

Present: LIACOS, C.J., WILKINS, ABRAMS, GREANEY, & FRIED, JJ.

*Workers' Compensation Act,* Exclusivity provision. *Insurance,* Motor vehicle insurance, Underinsured motorist.

An insurer's claim that the exclusivity provision of the Workers' Compensation Act barred an employee's claim against the insurer of his employer's motor vehicles for underinsurance benefits was timely raised. [347]

This court declined to abrogate the rule announced in *Berger* v. *H.P. Hood, Inc.,* 416 Mass. 652 (1993), that an employee injured on the job by an underinsured third person in a motor vehicle accident is not permitted to recover underinsured motorist benefits under his employer's motor vehicle policy where the employee is entitled to workers' compensation benefits [349-350, 350-351], and further, that rule applies retrospectively to cases arising before that decision [350].

CIVIL ACTION commenced in the Superior Court Department on January 12, 1993.

The case was heard by *Margaret R. Hinkle,* J., on a motion for summary judgment.

The Supreme Judicial Court granted an application for direct appellate review.

*John B. Flemming (Daniel J. Gibson* with him) for the defendant.

*Lawrence J. Kenney, Jr. (Robert G. Eaton* with him) for the plaintiff.

WILKINS, J. We revisit an issue that we dealt with in *Berger* v. *H.P. Hood, Inc.,* 416 Mass. 652 (1993), concerning the right of an employee who is entitled to workers' compensation benefits also to collect underinsurance benefits under his employer's automobile policy because an underinsured motorist caused the job-related injury. A Superior Court judge al-

[1] Theresa Figaratto.

lowed the plaintiff insurer's motion for summary judgment, declaring that the insurer was not obligated to pay underinsured motorist benefits to the claimants, Richard and Theresa Figaratto, under the policy issued to Richard's employer. Our *Berger* opinion answers the principal issue in this case, as the motion judge properly concluded. We affirm the judgment for the plaintiff insurer.

In April, 1987, Richard Figaratto was injured in the scope of his employment by Atlas Oil Corporation (Atlas) when a vehicle operated by a negligent third party struck the Atlas vehicle in which Richard was riding. The plaintiff insurer had issued a business automobile policy to Petroleum Heat and Power Co., Inc., the parent company of Atlas. Atlas was a named insured under that policy which provided uninsured and underinsured motorist (UM) coverage of $1,000,000. Richard settled his claim against the third-party tortfeasor for $10,000, the maximum coverage available. Richard received workers' compensation benefits from Atlas's compensation carrier. An arbitration panel concluded that Richard's damages were $400,000, that his wife's damages were $60,000, and ruled on no other issue.

The plaintiff insurer commenced this action in January, 1993, initially seeking a determination of what offsets would be allowable against any obligation to pay UM benefits. About one month after this court's decision in the *Berger* case, the insurer was allowed to amend its complaint to assert that it had no obligation at all to pay UM benefits to the claimants. We allowed the claimants' application for direct appellate review of the judgment in favor of the insurer that denied the claimants any UM benefits.

The claimants' argument, raised here for the first time, that the insurer is barred from asserting its position because it failed to challenge the arbitration award in a timely fashion (see G. L. c. 251, §§ 12, 13 [1994 ed.]) lacks merit. The arbitration concerned only the amount of the claimants' damages caused by the third-party tortfeasor, not the extent of the insurer's obligation. Moreover, the claimants did not oppose as belated the insurer's motion to amend its complaint to raise the issue of the exclusivity of the claimants' workers' compensation remedies. The merits of the insurer's exclusivity claim are properly before the court.

In *Berger* v. *H.P. Hood, Inc.*, *supra*, this court considered,

among other things, whether an employee injured in one of his employer's motor vehicles while in the course of his employment, and thus entitled to workers' compensation benefits, could also recover UM benefits from his employer's motor vehicle insurers.[2] We decided that the exclusivity provision of the Workers' Compensation Act (G. L. c. 152, § 23 [1994 ed.]) barred the employee's claim against the employer's insurers (and against the self-insured employer as well). *Id.* at 656-657. We held that "[a]ny suit against [the insurers] is essentially a suit against [the employer], as owner of the policies." *Id.* at 657. Because G. L. c. 152, § 23, barred an action against the employer, the insurers were also free from liability. *Id.* Underinsurance coverage is designed as a safety net for certain persons who are not otherwise adequately protected. *Id.* at 655. Where workers' compensation benefits are available, there is no reason for a safety net. *Id.* at 655-656.

In our *Berger* opinion, we recognized a split of authority on the question of an injured employee's right to recover UM benefits from an employer. *Id.* at 655 & n.8. We accepted the position of the Supreme Court of Connecticut in *Bouley* v. *Norwich*, 222 Conn. 744 (1992), denying, on the ground of the exclusivity provision of the Connecticut workers' compensation law, recovery of UM benefits from a self-insured employer. *Id.* at 655-656.

On the same day that the *Bouley* case was decided, the Connecticut court also held that an employee who was injured in an employer's motor vehicle, while in the course of his employment, was precluded by the exclusivity provision of the Connecticut workers' compensation law from collecting UM benefits under his employer's automobile insurance policy. *CNA Ins. Co.* v. *Colman*, 222 Conn. 769, 772, 774 (1992). The Connecticut court's reasoning was the same as ours in the *Berger* case, that the insurer was the alter ego of the insured employer which had no obligation to provide

---

[2]The employee in *Berger* v. *H.P. Hood, Inc.*, 416 Mass. 652 (1993), was killed in the accident, and the plaintiff was his widow and the administratrix of his estate. The insurance claims concerned excess liability coverage and an umbrella policy rather than, as here, a standard motor vehicle policy. See *id.* at 654. Nothing turns on these differences.

benefits beyond those of the workers' compensation law. See *CNA Ins. Co.* v. *Colman, supra* at 773-774.[3]

As a matter of fair and equal treatment, a person injured in the course of employment while in a motor vehicle of the employer need not obtain any greater insurance benefits than another person sustaining a similar injury in the course of employment but not in a motor vehicle of the employer. The cost of UM coverage for employers would be substantially higher than otherwise if that coverage in a standard policy applied to employees' on-the-job motor vehicle injuries. That

---

[3]The following cases concerning an employee injured in a work-related motor vehicle accident hold that the exclusivity provision of the jurisdiction's workers' compensation law bars an employee's recovery from either a self-insured employer or under an employer's UM insurance policy. *Gullett* v. *Brown*, 307 Ark. 385, 386 (1991) (UM claim against self-insured public agency); *CNA Ins. Co.* v. *Colman*, 222 Conn. 769, 773 (1992) (UM claim under employer's insurance policy), superseded by Conn. Gen. Stat. § 38a-336 ("[f] Notwithstanding [workers' compensation law], an employee of a named insured injured while occupying a covered motor vehicle in the course of employment shall be covered by such insured's otherwise applicable uninsured and underinsured motorist coverage"); *Hackenberg* v. *Southeastern Pa. Transp. Auth.*, 526 Pa. 358, 367, 370 (1991) (UM claims against self-insured employers). The result in the Pennsylvania case was superseded by 75 Pa. Cons. Stat. § 1737 (1990) ("Notwithstanding anything contained in . . . [t]he Pennsylvania Workmen's Compensation Act, no employee who is otherwise eligible shall be precluded from recovery of uninsured or underinsured motorist benefits from an employer's motor vehicle policy"), which in turn was repealed by 1993 Pa. Laws 190, No. 44, § 25 (a).

Other jurisdictions have held that their respective workers' compensation exclusivity provisions do not bar an employee's recovery under an employer's UM insurance policy or under an employer's no-fault insurance policy. See *Mathis* v. *Interstate Motor Freight Sys.*, 408 Mich. 164, 175 (1980) (no-fault insurance claim), overruled on other grounds by *Jarosz* v. *Detroit Auto. Inter-Ins. Exch.*, 418 Mich. 565 (1984); *Christy* v. *Newark*, 102 N.J. 598, 608-610 (1986) (UM claim against self-insured municipality); *Ryder Truck Lines, Inc.* v. *Maiorano*, 44 N.Y.2d 364, 372-373 (1978) (no-fault insurance claim); *Wright* v. *Smallwood*, 308 S.C. 471, 475-476 (1992) (UM claim against self-insured municipality); *National Farmers Union Property & Casualty Co.* v. *Bang*, 516 N.W.2d 313, 318-319 (S.D. 1994) (UM claim against self-insured employer); *Neel* v. *State*, 889 P.2d 922, 925-926 (Utah 1995) (no-fault insurance claim); *William* v. *Newport News*, 240 Va. 425, 431 (1990) (UM claim against self-insured municipality). The cases concerning no-fault claims are distinguishable from this case in the sense that the claims there may turn on the language of the specific no-fault statute and are not based on an underlying tort claim, as is the case when UM coverage is claimed. See *Neel* v. *State, supra* at 925.

increase would not be accompanied by a corresponding reduction in the cost of workers' compensation coverage.

We decline to abandon the position that we so recently took in the *Berger* case. An employee injured on the job by an underinsured third person is not permitted to recover UM benefits provided under a standard policy by an employer's motor vehicle insurer. There are, we grant, arguments in support of a contrary answer. The insurance coverage involved here, UM coverage, does not concern the employer's liability and hence could be taken as being unrelated to the reach of the exclusivity provision of the Workers' Compensation Act. We rejected this argument in our *Berger* opinion essentially because the claim asserted was for personal injury. See *Berger* v. *H.P.Hood, Inc., supra* at 655. We are persuaded to maintain our position because of the legislative intention that UM protection should help certain persons who lack adequate insurance protection. The plaintiff is not such a person. If there is to be a change, it is for the Legislature to make. See *id.* at 656 ("The exclusivity provision has been the cornerstone of our Workers' Compensation Act. Our exclusivity provision is very broad. The Legislature has had opportunities to narrow its scope, and has not done so").

We see no reason why the rule that we announced in the *Berger* case and reaffirm here should not apply to this case. That principle applied to the parties in the *Berger* case, and it should do so similarly here.[4] This is not a case of reasonable reliance on a seemingly settled point of law that the court determines to abandon and, therefore, should do so only prospectively. See *Halley* v. *Birbiglia,* 390 Mass. 540, 544-545 (1983); *Payton* v. *Abbott Labs,* 386 Mass. 540, 565-568 (1982).

We add three points. First, no meaningful distinction from the *Berger* case exists on the ground that the insurance policy involved here (in which the employer was a named insured) was purchased by the employer's parent company. Second, we would not extend the bar imposed by the exclusivity provision of the Workers' Compensation Act to make ineffective UM coverage (or any other coverage) that an employer explicitly purchased for the purpose of providing UM coverage (or any other coverage) to employees injured in the course

---

[4]In our recent opinion in *Mayo* v. *Aetna Casualty & Sur. Co.,* 419 Mass. 596 (1995), concerning offsets of workers' compensation payments against an employer's UM coverage, the issue we deal with here was not raised.

of their employment. Third, the wife's loss of consortium claim falls with her husband's claim.

*Judgment affirmed.*