## AGRICULTURAL GROUP-COMPENSATION SELF-INSURER FUND *v.* POLK COUNTY CIRCUIT COURT

97-252                                         958 S.W.2d 531

Supreme Court of Arkansas
Opinion delivered January 15, 1998

*Friday, Eldredge & Clark*, by: *Robert S. Shafer* and *Guy Alton Wade*, for petitioner.

*Mary M. Rawlins*, for real party in interest Wellco Enters., Inc., d/b/a Wellco Feed Mill.

W.H. "DUB" ARNOLD, Chief Justice. This is a petition for a writ of prohibition filed by petitioner Agricultural Group-Compensation Self-Insurer Fund ("AgComp SIF"), the workers' compensation carrier for Wellco Enterprises, Inc., d/b/a Wellco Feed Mill. The respondent is the Polk County Circuit Court. We deny the writ.

On February 26, 1993, Wellco employee Donald Kenyon was injured while on the job. He filed a claim with the Workers' Compensation Commission against Wellco and AgComp SIF, a trust that provides workers' compensation benefits to its members as a self-insured fund. *See* Ark. Code Ann. § 11-9-404 (Repl. 1997). When no further action was taken by any party, the commission dismissed Mr. Kenyon's claim without prejudice.

Thereafter, Wellco and its individual owner, John E. Wells, filed an action in Polk County Circuit Court against AgComp SIF's agent, the Agricultural Council of Arkansas, alleging that Mr. Kenyon was an employee of Wellco at the time of his injury and that he was covered by AgComp SIF insurance. Wellco further alleged that the council fraudulently collected premium payments and breached the parties' contract by refusing to pay compensation to Mr. Kenyon.

Wellco subsequently amended its complaint, substituting AgComp SIF as the sole defendant. Alleging breach of contract, Wellco sought $7,821.28 in damages, representing the amount it had paid for Mr. Kenyon's medical expenses. Attached to and incorporated in the amended complaint was a copy of the AG-COMP SIF trust agreement. AgComp SIF denied the material

allegations of the complaint and amended complaint and pleaded affirmatively that Wellco's action was barred by the exclusive-remedy provision of the Workers' Compensation Act. According to AgComp SIF, the Polk County Circuit Court lacked jurisdiction to determine Mr. Kenyon's status as an employee or independent contractor and thus decide the case. AgComp SIF filed a motion to dismiss and a motion to reconsider on this basis, but the circuit court denied both motions. This petition for writ of prohibition followed.

In *Travelers Ins. Co. v. Smith*, 329 Ark. 336, 339-340, 947 S.W.2d 382 (1997), we outlined the applicable standard of review in these cases as follows:

> A writ of prohibition is an extraordinary writ that is appropriate only when the lower court is wholly without jurisdiction. *Nucor Holding Corp. v. Rinkines*, 326 Ark. 217, 931 S.W.2d 426 (1996); *West Memphis Sch. Dist. No. 4 v. Circuit Court*, 316 Ark. 290, 871 S.W.2d 368 (1994). When considering the propriety of issuing the writ, this court's review of jurisdiction is limited to the pleadings. *Western Waste Indus. v. Purifoy*, 326 Ark. 256, 930 S.W.2d 348 (1996); *Nucor Holding Corp. v. Rinkines, supra*. Where the encroachment on workers' compensation jurisdiction is clear, a writ of prohibition is warranted. *Western Waste Indus. v. Purifoy, supra; Nucor Holding Corp. v. Rinkines, supra*.

In considering whether a petition for writ of prohibition lies, jurisdiction is tested on the pleadings, not the proof. *Nucor-Yamato Steel Co. v. Circuit Court*, 317 Ark. 493, 878 S.W.2d 745 (1994); *The Wise Company, Inc. v. Clay Circuit*, 315 Ark. 333, 869 S.W.2d 6 (1993), *reh'g denied* 315 Ark. 336-A, 869 S.W.2d 8 (1994).

AgComp SIF claims that prohibition lies in this case because Wellco's suit is at odds with the exclusive-remedy provision of the Workers' Compensation Act. *See* Ark. Code. Ann. § 11-9-105(a) (Repl. 1996). This provision provides, in pertinent part, that:

> The rights and remedies granted to an employee subject to the provisions of this chapter, on account of injury or death, shall be exclusive of all other rights and remedies of the employee, his legal representative, dependents, next of kin, or anyone otherwise entitled to recover damages from the employer, or any principal, officer, director, stockholder, or partner acting in his capacity as

an employer, or prime contractor of the employer, on account of the injury or death, and the negligent acts of a co-employee shall not be imputed to the employer.

In asserting that the circuit court is wholly without jurisdiction to hear Wellco's claim, AgComp SIF relies primarily on two cases — *Cain v. National Union Life Ins. Co.*, 290 Ark. 240, 718 S.W.2d 244 (1986), and *Seawright v. U.S.F. & G. Co.*, 275 Ark. 96, 627 S.W.2d 557 (1982).

In *Cain*, the claimant filed a complaint against the workers' compensation carrier and pled that the insurer stipulated that it was liable for all medical expenses but then failed to make payment. The claimant alleged that this failure caused him emotional distress. The trial court dismissed the complaint, and we affirmed the dismissal on grounds of exclusivity of the workers' compensation remedy. Thus, *Cain* involved a claimant's suit against the carrier, not a suit between an insurer and its insured as in the case before us.

In *Seawright*, an insured brought suit against his carrier for fraud and deceit, bad faith in tort, breach of a fiduciary relationship, and intentional interference with a protected property interest in handling his employee's workers' compensation claim. The unique fact in *Seawright* was that the employer was the husband of the employee-claimant. He filed suit while his wife's claim was pending before the commission, which subsequently found that the claim was barred by the statute of limitations. On appeal, we held that the employer's liability as an employer was discharged when his employee's claim was barred by limitations. 275 Ark. at 99. As to the liability of the employer as an individual, we said that, because the insurance policy was not in the record, we could not determine that the policy covered any such general, individual liability. Thus, we held that the lower court correctly dismissed the employer-husband's complaint for failure to state a cause of action. In short, we fail to see how the unique facts in *Seawright*, a case we decided on appeal, support AgComp SIF's contention that prohibition is warranted in the instant action.

Turning to the pleadings, Wellco's amended complaint alleges that AgComp SIF breached the parties' trust agreement by

refusing to pay for Mr. Kenyon's injuries. When examining the parties' trust agreement incorporated in the amended complaint, we observe that it contains two coverages — Coverage A, entitled "Workers' Compensation" coverage, and Coverage B, termed "Employers' Liability" coverage. Article VII, paragraph 7.2(c)(4), of the parties' agreement specifically excludes from Coverage B "[a]ny obligation imposed by a workers' compensation . . . law or any similar law." Wellco specifically alleges in its complaint that Mr. Kenyon's injuries came within Coverage B of the policy, termed "Employer's Liability." Thus, it is disputed whether workers' compensation law is implicated in this case.

When examining the pleadings together with the foregoing authority, we must conclude that AgComp SIF has failed to meet its burden of demonstrating that it is clearly entitled to the remedy of prohibition. *See Nucor-Yamato Steel Co. v. Circuit Court, supra.* Accordingly, we deny the writ.

Writ denied.