Fecteau, J.
The plaintiff, Gayle Hourihan (“Hourihan”) has filed this cause of action seeking arbitration of a claim for underinsured motorist (“UM”) benefits from a policy of automobile insurance covering a vehicle owned by her late husband’s employer, Beech Hill Hospital, and operated by him.[2] While driving this vehicle in New Hampshire on his employer’s business, the plaintiffs decedent, Gerald Hourihan, was involved in an accident causing serious personal injury; he received workers’ compensation benefits as a result from his employer. The matter is before the court on cross motions for summary judgment by the parties. For the reasons that follow, the defendant’s motion for summary judgment is denied, and plaintiffs cross motion is allowed.
BACKGROUND
Gerald Hourihan, a resident of Massachusetts, was employed by Beech Hill Hospital, LLC, of Dublin, New Hampshire. On or about February 27, 1998, while operating a vehicle owned by his employer and within the scope of his employment, he was struck by another vehicle on a New Hampshire public way, causing personal injuries for which he recovered the policy limits of the tortfeasor’s vehicle. The vehicle operated by Mr. Hourihan was registered and insured in New Hampshire under a policy issued by St. Paul that included UM benefits. In addition to recovering from the tortfeasor, also a Massachusetts resident, Mr. Hourihan received workman’s compensation benefits from his employer’s workers’ compensation insurer, *465 pursuant to New Hampshire law. The plaintiff, the administratrix of his estate, has filed this action to collect UM benefits from St. Paul. St. Paul filed a motion for summary judgment, by which it contends that, under Massachusetts law, the plaintiff is barred from recovery as a matter of law. Hourihan filed a cross motion for summary judgment, by which she contends that New Hampshire law must apply, and, if so, she is not barred, as a matter of law, from recovery of UM benefits.
DISCUSSION
This court grants summary judgment where there are no genuine issues of material fact and where the summary judgment record entitles the moving party to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass 429, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of demonstrating affirmatively the absence of a triable issue. Pederson v. Time, Inc., 404 Mass 14, 16-17 (1989). The moving parly can satisfy this burden either by submitting affirmative evidence that negates an essential element of the opposing party’s case, or by demonstrating that the opposing party has no reasonable expectation of proving an essential element of his case at trial. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).
The parties agree that there are essentially no genuine issues of material fact and that the case turns on a single issue; however, they disagree as to the nature of that issue. The defendant contends that it is simply whether the plaintiff is entitled to apply for underinsured motorist benefits, which, under Massachusetts law, she is not. The plaintiff contends that she is entitled to apply for said benefits under New Hampshire law.[3] Therefore, the court views choice of law as a lynchpin issue that must be addressed. If Massachusetts law applies, as the defendant contends, the court agrees that Hourihan would be barred from recovery, since under Massachusetts law Hourihan is not allowed to recover UM benefits where workers’ compensation benefits are available. National Union Fire In. Co. of Pitt. PA v. Figaretto, 423 Mass. 346, 348 (1996). In Figaretto, the Supreme Judicial Court noted that the exclusivity clause of the Workers’ Compensation Act, G.L.c. 152, §23, barred an action against insurers since it was essentially an action against the employer. Id. The court added that UM recovery was designed to benefit those persons who were not adequately protected and, where workers’ compensation benefits were available, no such safety net was needed. Id.
Moreover, as St. Paul further argues, even if UM benefits were available to Hourihan, pursuant to G.L.c. 175, §113L(5), the operator of a non-owned vehicle must turn first to any policy in which he is named as an insured, then to the policy of any resident relative, and only then to the policy covering the vehicle in which he was occupying when the accident occurred. Smart v. Safety Ins. Co., 419 Mass. 144, 149 (1994). Although Gerald Hourihan did not own a car, Gayle Hourihan did. Therefore, St. Paul claims, although the plaintiffs decedent was not named in any policy, he was nevertheless eligible for UM benefits under Gayle Hourihan’s policy and the plaintiff must turn to that source of recovery in advance of any claim on the policy of the occupied motor vehicle.
On the other hand, if New Hampshire law applies, as the plaintiff contends, Hourihan is apparently permitted, under the provisions of New Hampshire statute, RSA 281A-13, to seek UM benefits from St. Paul under its automobile liability policy. In making the argument that the law of New Hampshire must apply, permitting recovery of UM benefits, she relies on the facts that the vehicle in question was owned by her late husband’s New Hampshire employer, that it was registered and insured in New Hampshire, and the accident occurred in New Hampshire while her husband was acting within the scope of his employment.
RSA 281A-13 states in relevant part;
I.(a) An injured employee, in addition to the benefits of this chapter, may obtain damages or benefits from or proceed at law or otherwise against anther person to recover damages or benefits if:
(1) An injury for which compensation is payable under the provisions of this chapter has been sustained; and
(2) The circumstances of the injury create in another person a legal liability to pay damages in respect thereto, or a contractual obligation to pay benefits under the uninsured motorist provision of any motor vehicle insurance policy; and
(3) The action has not been barred under RSA 281-A-.8.
The conflict-of-law rules of the forum state should determine which state’s law is applicable. Clarendon Nat’l Ins. Co. v. Arbella Mut Ins. Co., 60 Mass.App.Ct. 492, 495 (2004). Since this case was brought in Massachusetts, we look to our own conflict-of-law rules to determine whether Massachusetts or New Hampshire law should be applied.
In Bushkin Associates, Inc. v. Raytheon Co., the Supreme Judicial Court outlined a functional rather than doctrinal approach to choice-of-law questions that responded to the interests of the parties, the states involved, and the interstate system as a whole. 393 Mass. 622, 632 (1985). The Massachusetts functional approach is specifically guided by the Restatement (Second) of Conflict of Laws (1971). Id.; Cosme v. Whitin Machine Works, Inc., 417 Mass. 643, 646 (1994). Under the Restatement, choice-of-law issues are resolved by the local law of the state which has the most significant relationship to the transaction and the parties. Bushkin, 393 Mass, at 632.
*466 In Clarendon, the Massachusetts Appeals Court applied this functional approach to an insurance contract. 60 Mass.App.Ct. at 495-97. The Clarendon court looked to the Restatement (Second) of Conflict of Laws, §193 (“§193”) to resolve the matter before turning to other sections. Id. at 496. The court noted that §193 provides that the rights created by the contract are to be determined by the law of the state that the parties to the contract understood to be the principal location of the insured risk. Id. The insured risk is “the object or activity which is the subject of the matter of the insurance,” and the principal location is where that object will be during the term of the insurance policy. Restatement (Second) of Conflict of Laws, §193 (1971). In the case of an automobile policy, the parties will usually know beforehand where the vehicle will be garaged. Id. Furthermore, the policy will usually be solicited and delivered in the state of the itisured’s domicile. Id.
The principal location of the insured risk is important because it has bearing on the nature of the risk and may dictate the terms and conditions of the contract. Clarendon, 60 Mass.App.Ct. at 496. Therefore, in determining which state has the most significant relationship to the transaction the court must give greatest weight to the location of the insured risk, as long as it can be located principally in one state. Id.
In the case at bar, the vehicle was owned by a New Hampshire company, registered in New Hampshire, and insured in New Hampshire. Furthermore, the accident occurred in New Hampshire. In Kahn v. Royal Ins. Co., the SJC found that the fact that an accident occurred in Massachusetts and that the plaintiffs were Massachusetts residents did not provide Massachusetts a substantial interest in the insurance policy claim. 429 Mass. 572, 574-75 (1999). The SJC noted that the car in question was insured under a Florida insurance policy issued in Florida to a Florida vehicle owner and bore Florida plates. Id. at 575. Therefore, the SJC found that Florida had the more significant relationship to the insurance claim. Id.
On the information before the court contained in the summary judgment record, which does not include the insurance policy, there is no indication that the policy was not solicited and delivered in New Hampshire. The principal location of the insured risk, the vehicle that Gerald Hourihan was driving, was New Hampshire. Giving the greatest weight to the principal location of the insured risk, New Hampshire has a more significant relationship to the insurance claim than does Massachusetts. Therefore, in the absence of contractual language to the contrary, the court must find New Hampshire law to apply.
There are no genuine issues of material fact in this case. New Hampshire Workers’ Compensation statute, RSA 281 A-13, specifically entitles a plaintiff to seek recovery of UM benefits under the insurer’s contractual obligation in addition to recovery under workers’ compensation. Hourihan therefore may pursue UM benefits against St. Paul regardless of having recovered under workers’ compensation. Furthermore, Hourihan is not barred from recovery by RSA 281 -A:8. The insurer against which RSA 281-A:8 bars a cause of action is the employers’ workers’ compensation insurer, not the insurer of the automobile. Hull v. Town of Plymouth, 143 N.H. 381, 384 (1999). Since there are no genuine issues of material fact, St. Paul’s motion for summary judgment is denied and Hourihan’s cross motion for summary judgment is allowed.
ORDER
It is therefore ORDERED that the defendant’s motion for summary judgment be DENIED and the plaintiffs cross motion for summary judgment be ALLOWED.

Neither party has provided a copy of the relevant policy or policy language concerning the benefits in question, either under the defendant’s policy issued to Beech Hill or any other policy which may have application hereto, such as for coordination of benefits. Therefore, since the parties do not seek interpretation by the court of the policy, the court can only assume, for purposes of this discussion, that the defendant’s policy does not prohibit coverage under these circumstances.

In oral argument, the defendant suggested that the court should not consider the choice of law issue, due to the plaintiffs failure to raise it. While the complaint for arbitration does not refer to this choice of law issue, nor makes a claim that the law of New Hampshire should apply, the issue has been fairly raised by these cross-motions, however.