STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-05-149

RICK GILBERT

Plaintiff

v.

JOHN A. HODGKINS and
LIBERTY MUTUAL INSURANCE
COMPANY

Defendants

ORDER ON DEFENDANT'S
MOTION FOR SUMMARY
JUDGMENT

## BEFORE THE COURT

Before the court is defendant Liberty Mutual Ins. Co.'s ("Liberty Mutual")

motion for summary judgment on plaintiff Rick Gilbert's ("Plaintiff") complaint.

## BACKGROUND

On March 18, 1999 Plaintiff was injured when the car he was driving

collided with a car being driven by John Hodgkins. At the time, Plaintiff was

driving a company car owned by his employer, Insituform Technologies, Inc.

("Insituform"), and was acting within the scope of his employment. After the

accident, Plaintiff collected workers' compensation benefits from Liberty Mutual,

Insituform's workers' compensation insurance carrier. Since the commencement

of Plaintiff's suit, Plaintiff and Mr. Hodgkins have settled, Mr. Hodgkins has

obtained a release from Plaintiff, and he has been dismissed with prejudice from

the case.

Plaintiff now pursues a claim against Liberty Mutual in its capacity as

Insituform's uninsured/underinsured motorist ("UIM") insurance carrier.

1

Liberty Mutual makes three claims on its motion for summary judgment against Plaintiff: (1) immunity from Plaintiff's suit under Massachusetts's Workers' Compensation Act, A.L.M. G.L. c. 152, § 23, (2) immunity from Plaintiff's suit under Maine's Workers' Compensation Act ("WCA"), 39-A M.R.S.A. § 102, and (3) a lien on any damages previously recovered or theoretically recoverable by Plaintiff from John Hodgkins or Liberty Mutual as Insituform's UIM insurer, up to the amount previously paid by Liberty Mutual in workers' compensation benefits.

## DISCUSSION

### I.    Choice of Law

In its original motion for summary judgment, Liberty Mutual argued that the WCA's exclusivity provision, 39-A M.R.S.A. § 104, prevents Plaintiff from pursuing Liberty Mutual for compensation under Insituform's UIM policy. However, in its reply brief and at oral argument, Liberty Mutual instead takes the position that Massachusetts law applies to Plaintiff's claim, pursuant to *Flaherty v. Allstate Ins. Co.'s* choice of law test.[1] *See* 2003 ME 72, ¶ 21, 822 A.2d 1159, 1168. This argument relies on the submission of evidence that was not in the record upon Liberty Mutual's motion for summary judgment, and is not contained in its statement of material facts.

---

[1] Liberty Mutual also asserts that Plaintiff should be estopped from asserting that any law other than Massachusetts law applies to his claim for underinsurance coverage because Plaintiff elected to receive workers' compensation through the Massachusetts system. However, Liberty Mutual offers no support for the position that Plaintiff had a choice concerning where to file for workers compensation. Nor can the court credit Liberty Mutual's assertion regarding the state in which Plaintiff applied for workers compensation, as it did not provide proper record support or statements of material fact with respect to this issue in its original motion for summary judgment, or in response to any facts asserted by Plaintiff in his opposition to summary judgment.

First, Liberty Mutual asserts in its reply brief that Plaintiff and Liberty Mutual are both domiciled in Massachusetts. While these assertions are supported by the allegations in Plaintiff's complaint, Liberty Mutual does not cite to the complaint, either in its original motion for summary judgment or in its statement of material facts. Second, Liberty Mutual claims, also for the first time in its reply brief, that Plaintiff collected benefits pursuant to Massachusetts' workers compensation system, and that the Insituform vehicle in which Plaintiff was injured was garaged in Massachusetts. The former assertion is supported by a document appended to Liberty Mutual's reply brief and therefore not properly before the court, *see* M.R.Civ.P. 56(h)(3), and the latter assertion is not supported by any evidence. Accordingly, the court cannot accept any of the above assertions for purposes of its decision on summary judgment.

Additionally, although Liberty Mutual asks the court to engage in a choice-of-law analysis, it has not provided any information concerning the state in which the UIM policy was issued.[2] For purposes of deciding which state's law controls, it is no small point that Maine's UIM requirement reaches only insurance contracts issued in the state of Maine, with respect to vehicles registered in or principally garaged in Maine. *See* 24-A M.R.S.A. § 2902. Accordingly, the State of Maine only has an interest in implementing its policy with respect to UIM recovery where the injured party is covered by a UIM contract issued in Maine. Nor does Liberty Mutual assert that the UIM contract at issue does not have choice-of-law provision, which if it existed would control

---

[2] The day after oral arguments on its motion for summary judgment, Liberty Mutual submitted to the court a 500-page insurance contract. Notwithstanding that this submission is not timely and therefore not a part of the record on summary judgment, the court is neither required nor permitted to independently search a record to find support for facts offered by a party. *See Levine v. RBK Caly Corp.*, 2001 ME 77, ¶ 9, 770 A.2d 653, 656.

choice of law without resort to the common-law analysis Liberty Mutual now requests the court to engage in. *See Baybutt Const. Corp. v. Commercial Union Ins. Co.*, 455 A.2d 914, 919 (Me. 1983) (overruled on other grounds).

Accordingly, the court must decline Liberty Mutual's invitation to engage in a choice-of-law analysis and proceed on the basis that Maine law applies to Plaintiff's claim, as originally asserted by Liberty Mutual in its motion for summary judgment, and as accepted by Plaintiff in his motion opposing Liberty Mutual's motion for summary judgment.

## II. Immunity Under Maine's Workers' Compensation Act and Liberty Mutual's Request for a Lien

The central question presented by the parties is: when an uninsured or underinsured third party is at least partly responsible for an employee's injuries, may the employee recover the deficiency owing from that third party through the employer's UIM policy?[3] This question has not yet been decided under Maine law. Jurisdictions that have denied a plaintiff's ability to pursue his employer's UIM carrier have found that, for purposes of their workers' compensation statute, the employer and its insurance company are essentially the same entity, and therefore entitled to the same immunity under that statute's exclusivity provision. *See e.g. Berger v. H.P. Hood, Inc.*, 416 Mass. 652, 656, 624 N.E.2d 947, 949 (stating, "any suit against [the UIM carrier] is essentially a suit

---

[3] This is different from the question of whether the recovery of a UIM payment should be permitted where the claim arises out of the negligence of the co-employee. In such cases, the tort immunity of a co-employee under the workers' compensation statute would supply an independent rationale for denying recovery that is not before the court here.

This is also different from the question of whether an employee may recover a UIM payment from her personal UIM carrier. Such claims are more likely to be allowed, given that the UIM carrier would not then have a connection to the employer for purposes of asserting immunity.

against [the employer], as owner of the policies. We have determined that suits against [the employer] are barred by [the Massachusetts' Workers Compensation Act exclusivity provision]. Thus, summary judgment in favor of [the insurance company] was appropriate.") Other jurisdictions, however, have found that insurance carriers are not entitled to such immunity. *See e.g. Philadelphia Indem. Ins. Co. v. Morris*, 990 S.W.2d 621, 625 (Ky. 1999) (stating, "[Plaintiff's] UIM claim was against [the UIM insurer], not against his employer... The UIM coverage at issue was voluntarily purchased by [the employer], presumably to apply in cases such as this. [Kentucky's worker's compensation exclusivity provision] does not preclude recovery of UIM benefits, since it only protects the employer, not its UIM insurance carrier.")

Against this backdrop, the court decides, as a matter of first impression, whether Liberty Mutual, as Insituform's UIM carrier, is entitled to share in Insituform's immunity.[4] The split among jurisdictions over this question turns in part on the particular provisions within the jurisdiction's UIM and workers compensation statutes, and in part on ineffable policy distinctions about the cost of insurance and the adequacy of workers compensation benefits.

To start with the applicable statutes, the WCA, like workers compensation statutes from other jurisdictions, contains an exclusivity provision, which states in relevant part:

> An employer who has secured the payment of compensation in conformity with sections 401 to 407 is exempt from civil actions... involving personal injuries sustained by an employee arising out of and in the course of employment... these exemptions from liability

---

[4] *Gibson v. Nat'l Ben Franklin Ins. Co.* decided that an employer's workers' compensation insurance carrier is not immune from an employee suit where that suit alleges that the insurance company had willfully deprived the employee of the benefits she had become entitled to under an approved compensation agreement. *See* 387 A.2d 220, 222 (Me. 1978).

5

> apply to all employees, supervisors, officers and directors of the employer for any personal injuries arising out of and in the course of employment...

39-A M.R.S.A. § 104. The WCA also, however, explicitly recognizes an employee's right to proceed at law against a third party who is liable for the employee's injuries, and provides for a lien on any amounts recovered from a liable third party, up to the value of workers' compensation benefits paid to the injured employee. 39-A M.R.S.A. § 107. These provisions indicate the legislature's intent to circumscribe the burden on workers compensation, and to draw in funds to reimburse it whenever the liability of a third party is involved.

Although repayment of workers compensation funds is apparently the objective of § 107, it does, by acknowledging that an employee may bring suit against liable third parties, allow for the possibility that an employee will recover damages in excess of the amount of workers compensation they received. And, since the employer's right of contribution stops at the amount they had paid out in workers compensation, the excess would be the employee's to keep. Accordingly, under the WCA, some people who are injured in the course of employment will have both the benefit of an expeditious workers compensation payout, and also the ability to pursue a fuller recovery from a liable third party, and others, merely injured in the course of their employment will have only as much recovery as is paid out through workers compensation.

The policy question is whether the "benefit," under the WCA, of a third party's involvement in an employee's injuries should extend even to those cases where the third party is unable to provide a full recovery to the employee, but where the employer-owned vehicle in which the employee was injured is

6

covered by a UIM insurance contract that could provide a recovery in excess of the employee's workers compensation payout. The Massachusetts SJC has stated, "the cost of UIM coverage for employers would be substantially higher than otherwise if that coverage in a standard policy applied to employees' on-the-job motor vehicle injuries." *National Union Fire Ins. Co. of Pittsburgh, PA v. Figaratto*, 423 Mass. 346, 349, 667 N.E.2d 877, 880. But, it provided no analysis to support this assertion, and this court has no basis for assuming that such a statement is true for UIM contracts issued pursuant to Maine's UIM statute.[5]

To the contrary, it seems more appropriate, given the specific language of 39-A M.R.S.A. § 104, to consider Insituform and Liberty Mutual as separate entities. In naming those parties entitled to assert an employer's immunity, § 104 does not mention the employer's insurance company.[6] Moreover, Liberty Mutual has presented no evidence, nor does it argue, that its UIM insurance contract with Insituform does not cover on-the-job motor vehicle injuries such as Plaintiff's. Finally, it comports with the purpose of Maine's UIM statute compelling UIM coverage to allow Plaintiff to recover from Liberty Mutual if Plaintiff can prove that the tortfeasor's insurance coverage was inadequate to fully compensate him for his injuries, and further recovery is available under the

---

[5] Here again, the court allows that Maine law, including Maine's UIM statute, applies to this case, and bases this on both parties' representations in their summary judgment briefs that Maine law applies.

[6] *Gibson, supra* at fn. 4. does state that under the predecessor to 39-A M.R.S.A. § 104, the definition of "employer" extends to include the employer's compensation carrier, and that the general immunity from common law suit provided by the workers' compensation system is available to the carrier as well as to the actual employer. *See* 387 A.2d 220 at 222. However, this statement is in the nature of a tautology, as any plaintiff unable to directly pursue its employer for employment-related injuries could not generate a claim for which the employer's compensation carrier would then be required to pay. By contrast, Liberty Mutual asks the court to read into the statute a general identity of employer and insurer, notwithstanding the fact that, under the present suit, Liberty Mutual's status is that of a UIM carrier, not a workers' compensation carrier, and Plaintiff is attempting to recover for injuries sustained through the negligence of a third party, not Plaintiff's employer.

7

limits of the UIM insurance. *See Peerless Ins. Co. v. Progressive Ins. Co.*, 2003 ME 66, ¶ 6, 822 A.2d 1125, 1127 (stating, "Overall, the uninsured motorist statute is to be construed so as to assure a person injured by an uninsured motorist that he will... recover, from whatever source available, up to the total amount of his damages.") Accordingly, Liberty Mutual's motion for summary judgment on Plaintiff's complaint is DENIED.

Plaintiff does not oppose Liberty Mutual's motion requesting a lien on damages recoverable by Plaintiff from it in its capacity as Insituform's UIM carrier. Pursuant to 39-A M.R.S.A. § 107, this lien, if it arises, shall be capped at the amount paid out to Plaintiff in workers' compensation.

**The entry is:**

> Defendant Liberty Mutual Insurance Company's motion for summary judgment on Plaintiff's claim against it is DENIED. Liberty Mutual's motion for summary judgment requesting a lien on damages recovered or recoverable by Plaintiff from it in its capacity as Insituform's underinsured motorist insurer is GRANTED.

Dated at Portland, Maine this 16th day of March, 2006.

Robert E. Crowley
Justice, Superior Court

8

F COURTS
and County
Box 287
ne 04112-0287

FREDERICK MOORE ESQ - *Of Liberty Mutual*
511 CONGRESS ST
SUITE 401
PORTLAND ME 04101

COURTS
d County
x 287
04112-0287

TERRENCE GARMEY ESQ
SMITH ELLIOTT SMITH & GARMEY
PO BOX 442
PORTLAND ME 04112-0442