OPINION OF THE COURT
Herman Cahn, J.
*714 Defendant Menachem Kastner moves (sequence No. 16) to dismiss the second amended complaint on the ground of documentary evidence (CPLR 3211 [a] [1]) or, alternatively, to treat this preanswer motion as one for summary judgment dismissing said complaint, and granting same (CPLR 3211 [c]). He further moves for sanctions against plaintiff (22 NYCRR 130-1.1 et seq.).
Facts:
The facts underlying this action are fully set forth in prior decisions of the court. To summarize, from August 1998 through March 2003, plaintiff, an attorney, was employed at defendant law firm Fischbein Badillo Wagner Harding (FBWH). He alleges that he performed services at FBWH pursuant to an agreement that provided that it would compensate him in an amount that includes the sums that FBWH collected from clients that plaintiff introduced to the firm and sums for services that plaintiff performed on matters for other firm clients whom he did not introduce to the firm, less his proportionate share of the firm’s overhead expenses. Plaintiff claims that FBWH failed to compensate him in the agreed-upon manner.
FBWH contends that plaintiff was always an at-will, salaried employee, and not a partner of the firm, although he was allowed to use the title “contract partner.” FBWH asserts that plaintiff was never a party to any firm partnership agreement, never guaranteed or agreed to be responsible for any of its debts, did not share in its losses, never received an IRS Form K-l (partnership form) from it, and never had an equity interest in it.
Procedural History:
The original complaint contained two causes of action, for breach of contract and unjust enrichment. The amended complaint included a third cause of action seeking damages pursuant to Labor Law § 198. In prior decisions, I dismissed the unjust enrichment and Labor Law causes of action, but denied the motion to dismiss the breach of contract cause of action.
I previously granted plaintiff permission to amend the complaint to add only those individuals who were equity partners of FBWH during the relevant period.
Plaintiff thereafter sought leave to add the law firm of Cozen O’Connor as a party defendant. He contended that, during the pendency of this action, there has been either a merger or a de facto merger between FBWH and Cozen O’Connor. Plaintiff argued that Cozen O’Connor is a successor firm to FBWH and, *715 as such, is liable for FBWH’s obligations, debts, and liabilities, and that FBWH will be insolvent or otherwise unable to pay any judgment that plaintiff may obtain. FBWH argued that Cozen O’Connor is not a successor firm, and that there was no merger or de facto merger of the two law firms.
Plaintiff further moved to disqualify Cozen O’Connor as counsel for FBWH.
By decision and order dated November 15, 2005, the court granted plaintiff leave to serve and file a supplemental summons and second amended complaint and denied the motion to disqualify Cozen O’Connor from representing FBWH, except granted disqualification as to two of its members, Richard S. Fischbein, Esq. and Bruce Lederman, Esq.[1]
Plaintiff served and filed a second amended complaint, adding, inter alia, numerous former FBWH attorneys, individually, as defendants. Many of them, including movant herein, now move to dismiss as to themselves, asserting that documentary evidence demonstrates that they were not equity partners of FBWH and, therefore, cannot be liable to plaintiff for any breach of contract by that firm.
The Instant Motion:
Partners are liable for wrongful acts committed by any of them, in connection with the partnership (Partnership Law § 24). Conversely, an employee who is not a partner, is not.
Many of the persons who were added as parties defendant by plaintiff separately moved for dismissal as to themselves. They generally argue that they were not “partners” of FBWH, as that term is used in the Partnership Law, but were employees. In almost every case, they were designated as “contract partners,” rather than “equity partners.”
The court previously implemented a procedure whereby the parties aggrieved by being named as defendants would serve affidavits on plaintiff’s counsel, setting forth the reasons why the action should be dismissed as to them. Thereupon, plaintiff would have an opportunity to discontinue the action as to the affiant, if plaintiff so chose, without further sanctions. If plaintiff, however, felt that there was good cause not to discontinue, he need not do so.
*716 Movant, Menachem Kastner, is one of the persons named as a defendant who claims that there was no reason to so name him. He seeks dismissal and sanctions.
Movant submits copies of two documents which demonstrate that he was a nonpartner employee of FBWH. The first is his “employment agreement,” dated June 26, 1996, which begins by affording him the choice of being called “a contract partner or . . . a senior attorney” (O.S.C. exhibit A at 1). It fixes his annual compensation (id. § 1). It makes clear that movant “will not be entitled to any equity, accounts receivable or assets of the Firm as a result of this agreement.” (Id. § 4.) The employment agreement contains a term of one year, and refers to movant’s relationship to FBWH as an “affiliation” (id. §§ 12-13). Significantly, no provision, at all, is made for loss sharing on movant’s part (see, id., passim).
The employment agreement concludes with the sentence: “I elect to be a contract partner / senior associate (circle one)” (O.S.C. exhibit A at 4). Movant circled the “contract partner” option (id.).
The indicia of partnership may be ascertained through the presence of the following facts: (1) joint control over the enterprise; (2) profit splitting; and (3) loss sharing (Prince v O’Brien, 256 AD2d 208 [1st Dept 1998]). Even where the first two elements are present, the absence of the third may support a finding of no partnership because “evidence that they agreed to share losses ... is an ‘essential element’ of a partnership” (id. at 212).
Here, the absence of any of the foregoing factors, especially the third, militates in favor of a finding that movant was not a partner of FBWH, within the meaning of the Partnership Law. Thus, movant cannot be held personally liable for alleged wrongs by FBWH or its partners.
In addition to the employment agreement, movant submits a copy of his IRS Form W-2 (Wage and Tax Statement), issued to him by FBWH (O.S.C. exhibit B). This stands as an affirmative indication that he was an employee of that firm, not a true partner, for a partner would have had to receive a Form K-l to record his partnership distribution for the tax year.
Plaintiff’s counsel submits a copy of a document entitled “FBWH Partners 2001 Bonus Compensation [for] Robert Zito” (Nimkoff affirmation, exhibit M). Counsel points to two entries: “Working Attorney Bonus” and “Originating Attorney Bonus,” *717 arguing that they show that annual compensation factored in overhead of the firm’s office (plaintiff’s mem at 14).[2] Again, absent evidence that movant undertook to share losses of the firm, or other indicia of partnership, the mere fact of his election to be called a “contract partner” does not make him a partner for liability purposes. Any practice by FBWH to spread overhead costs throughout the payroll, asserted by plaintiffs counsel, does not constitute loss sharing, and does not prove the necessary elements of partnership.
Summary judgment is proper where the movant establishes his defense as a matter of law by tender of sufficient evidentiary proof (Zuckerman v City of New York, 49 NY2d 557 [1980]). Moreover, dismissal under CPLR 3211 (a) (1) is proper where a movant tenders documentary evidence which, as a matter of law, conclusively disposes of plaintiffs claim (Berger v Temple Beth-El of Great Neck, 303 AD2d 346 [2d Dept 2003]).
Movant has satisfied his burden on this motion. His affirmative showing, through the submission of his employment agreement and IRS Form W-2, together with the absence of contradictory evidence sufficient to establish indicia of partnership, mandates dismissal of the claims asserted against him in the second amended complaint.
Movant’s motion for sanctions is held in abeyance, until after trial of the action.
Accordingly, it is ordered that defendant Menachem Kastner’s motion to dismiss the second amended complaint, as against him, is granted, and the same is hereby dismissed, as against him; and it is further ordered that movant’s motion for sanctions is held in abeyance.

. The November 15, 2005 decision held that “to the extent that any individual attorneys are added as defendants, they may, of course, represent themselves.”

. Although the document references only plaintiff, his counsel asserts, without substantiation, that “its terms[ ] applied to every partner at that firm (i.e., both the Moving Defendants and the purported ‘equity’ partners at the Fischbein firm)” (plaintiffs mem at 14).