Gregory P. MORSON

v.

**KREINDLER & KREINDLER, LLP.**

Civil Action No. 09–10199–RGS.

United States District Court,
D. Massachusetts.

May 15, 2009.

Jonathan D. Plaut, Chardon Law Offices, Boston, MA, for Gregory P. Morson.

Scott D. Burke, Doyle C. Valley, Morrison Mahoney LLP, Boston, MA, for Kreindler & Kreindler, LLP.

### MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION TO REMAND

STEARNS, District Judge.

Plaintiff Gregory P. Morson retained defendant Kreindler & Kreindler, LLP (Kreindler), to pursue a lawsuit against the government of Libya after Morson's mother died in the 1988 terrorist bombing of Pan American Flight 103 over Lockerbie, Scotland (Lockerbie litigation). Morson alleges that Kreindler improperly disclosed information regarding the status of settlement discussions with Libya to one of his judgment creditors. As a result of the alleged disclosure, Morson claims that he was forced to pay an additional $600,000 to resolve the dispute with the creditor. This attorney malpractice action ensued.

Morson filed his Complaint in the Suffolk Superior Court on January 15, 2009. On February 11, 2009, Kreindler removed the case to the federal district court. On March 9, 2009, Morson filed this motion to remand alleging that complete diversity was lacking. Specifically, Morson main-

tains that the Massachusetts citizenship of attorney Anthony Tarricone, Kreindler's Resident Agent in Boston, is determinative of Kreindler's citizenship for diversity purposes. Morson's motion to remand is now before this court.

## BACKGROUND

In or about 1998, Morson was sued by Palazzetti Import/Export, Inc. (Palazzetti), as a result of a failed business transaction. Judgment was entered against Morson by the U.S. District Court for the Eastern District of New York in the amount of $1.66 million on December 26, 2001. During the pendency of the Lockerbie litigation, Morson and Palazzetti were engaged in settlement discussions. Palazzetti offered to compromise the judgment for less than $1 million. On January 1, 2003, Palazzetti served Kreindler with a restraining order forbidding Kreindler from dissipating any of Morson's assets in its possession. The order also directed Kreindler to disclose the existence of such assets. After receiving Kreindler's response, Palazzetti ceased settlement discussions. Morson contends that he learned that he had a malpractice claim against Kreindler only after consulting an independent attorney in May of 2007. Morson alleges that Kreindler willfully concealed this cause of action.

Morson is a resident of Massachusetts. Kreindler is a limited liability partnership organized under the laws of New York. It has offices in New York, Massachusetts, New Jersey, and Los Angeles. Kreindler opened its Boston office in 2007. Tarricone, Kreindler's Resident Agent, practices from the Boston office.

The Kreindler partnership consists of the usual mix of attorneys—equity partners, contract partners, attorneys who are "of counsel," and senior and junior associates. Kreindler deems a contract partner as roughly the equivalent of a senior associate. The primary difference is that a contract partner is expected to devote greater time and effort to business development. Contract partners enjoy more authority over Kreindler staff than do associates and have more meaningful contact with the firm's clients. However, the contract partnership does not carry with it any indicia of ownership in the firm. Contract partners do not make capital contributions, do not share in Kreindler's profits, have no ownership interest in Kreindler's assets, and are not exposed to liability for Kreindler's debts. While equity partners are remunerated based on Kreindler's overall earnings, contract partners are paid a fixed salary. Contract partners do not engage in policymaking, participate in or vote on Kreindler's governance, and do not have Kreindler's permission to bind the firm. A contract partner also does not have access to the firm's books.

■ At the commencement of this action, none of the attorneys practicing out of Kreindler's Boston office, including Tarricone, were equity partners. Unlike equity partners who file Form K–1s with their tax returns, Tarricone files a Form W–2.

## DISCUSSION

■ Diversity of citizenship "must be complete" for purposes of 28 U.S.C. § 1332. *In Re Olympic Mills Corp.,* 477 F.3d 1, 6 (1st Cir.2007). The citizenship of an unincorporated entity, such as a partnership, is determined by the citizenship of all of its members. *Carden v. Arkoma Assocs.,* 494 U.S. 185, 195–197, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990).

"Co-ownership and the sharing of any actual profits are indispensable requisites for a partnership." *Southex Exhibitions, Inc. v. R.I. Builders Ass'n,* 279 F.3d 94, 101 (1st Cir.2002), citing *Harrell Oil Co. of Mt. Airy v. Case,* 142 N.C.App. 485, 543 S.E.2d 522, 525 (2001). In analyzing whether an attorney is a partner or an

employee, the First Circuit has noted that "partners come in varying shapes and sizes," and that determining whether an attorney is a partner or a mere employee "cannot be decided solely on the basis that a partnership calls—or declines to call—a person a partner. A court must peer beneath the label and probe the actual circumstances of the person's relation with the partnership." *Serapion v. Martinez*, 119 F.3d 982, 988 (1st Cir.1997).

Pursuant to Mass. Gen. Laws ch. 108A, § 47(6), the law of New York, as Kreindler's state of registration, applies to Kreindler's internal organization and governance.[1] Under New York law, "[t]he indicia of partnership may be ascertained through the presence of the following facts: (1) joint control over the enterprise; (2) profit splitting; and (3) loss sharing. Even where the first two elements are present, the absence of the third may support a finding of no partnership because 'evidence that they agreed to share losses ... is an "essential element" of a partnership.'" *Zito v. Fischbein Badillo Wagner Harding*, 11 Misc.3d 713, 809 N.Y.S.2d 444, 447 (2006), quoting *Prince v. O'Brien*, 256 A.D.2d 208, 683 N.Y.S.2d 504, 507 (1st Dept.1998). A Form W–2 is an "affirmative indication" of employee status, as a "true partner ... would have had to receive a Form K–1 to record his partnership distribution for the tax year." *Zito*, 809 N.Y.S.2d at 447.

Kreindler points out that as an unincorporated entity, it is the citizenship of its partners, and not its employees, that is determinative of its own citizenship.[2] Because Tarricone is an employee of Kreindler, and not a partner, his citizenship is irrelevant for purposes of a diversity analysis.

In the alternative, Morson invokes the doctrine of partnership by estoppel. To establish a partnership by estoppel, a plaintiff must prove four elements: "(1) that the would-be partner has held himself out as a partner; (2) that such holding was done by the defendant directly or with his consent; (3) that the plaintiff had knowledge of such holding out; and (4) that the plaintiff relied on the ostensible partnership to his prejudice." *Gosselin v. Webb*, 242 F.3d 412, 415 (2001). Citing estoppel, Morson argues that even if Tarricone was a contract partner, Kreindler held him out to the general public as a partner by listing him as a partner on the firm's website. However, even if diversity jurisdiction can be divested by an estoppel (a matter that is not entirely clear), Morson is unable to satisfy the essential element of reliance. The alleged improper disclosure took place in 2003, and the Palazzetti judgment was paid in 2004, several years before Kreindler opened its Boston office and hired Tarricone as its Massachusetts Resident Agent.[3]

---

1. "The internal affairs of foreign registered limited liability partnerships, including the liability of partners for debts, obligations and liabilities of or chargeable to the partnership, shall be subject to and governed by the laws of the jurisdiction in which the foreign registered limited liability partnership is registered." *Id.*

2. The concepts of membership and ownership are used interchangeably in citizenship analysis. *See One Commc'ns Corp. v. Sprint Nextel Corp.*, 495 F.Supp.2d 219, 224 (D.Mass.2007), citing *Johnson v. Columbia Props. Anchorage,*

*LP*, 437 F.3d 894, 899 (9th Cir.2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."). The citizenship of a limited partnership is determined by the citizenship of its partners both general and limited. *Carden*, 494 U.S. at 196, 110 S.Ct. 1015. However, Kreindler is not a limited partnership. Therefore, the *Carden* limited citizenship analysis does not apply.

3. There is no allegation that Tarricone represented Morson in the Lockerbie litigation. All

### ORDER

For the foregoing reasons, the motion to remand is *DENIED*.[4] The Clerk will set a date for a scheduling conference.

SO ORDERED.

of the Kreindler personnel involved worked out of its New York office.

4. The court notes that Morson has failed to comply with this court's Local Rule 7.1(A)(2), requiring him to confer with Kreindler's counsel and to certify that he had done so when filing the motion to remand.