**SIGNICAST, LLC, Plaintiff,**

**v.**

**FIREMAN'S FUND INSURANCE COMPANY, Defendant.**

No. 12–C–1029.

United States District Court,
E.D. Wisconsin.

Feb. 1, 2013.

Paul F. Linn, Thomas A. Janczewski, Christopher E. Nyenhuis, Michael Best & Friedrich LLP, Milwaukee, WI, for Plaintiff.

Kevin C. Carlson, Stephen P. Eisenberg, Leahy Eisenberg & Fraenkel Ltd., Chicago, IL, James A, Friedman, Godfrey & Kahn SC, Madison, WI, for Defendant.

### DECISION AND ORDER

LYNN ADELMAN, District Judge.

■ Signicast, LLC, filed a complaint against Fireman's Fund Insurance Company in Wisconsin state court. The complaint does not allege a federal claim. Fireman's removed the case to this court, alleging in its notice of removal that the parties are diverse and that the amount in controversy exceeds $75,000. However, the notice of removal alleges that Signicast "is a Delaware limited liability company with its principal place of business in Washington County, Wisconsin." (Notice of Removal ¶ 3.a.) This allegation demonstrates that the attorney who drafted the notice of removal does not understand basic principles of federal jurisdiction. The fact that Signicast is organized under Delaware law and has its principal place of business in Wisconsin is irrelevant to Signicast's citizenship. The citizenship of Signicast, which is a limited liability company, is the citizenship of each of its members. *See, e.g., Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347 (7th Cir.2006).

■ After I reviewed the notice of removal and noticed this defect, I ordered Fireman's to identify the citizenship of each of Signicast's members. Before Fireman's could comply with this order, Signicast filed a motion to remand the case to state court. Signicast contends that one of its members is a citizen of California, and that therefore both it and Fireman's, a California corporation, are citizens of California. According to a declaration submitted with Signicast's motion to remand, the sole member of Signicast is Signicast Holdings LLC. Because Signicast Holdings is itself a limited liability company, Signicast's citizenship is the citizenship of Signicast Holdings's members. *See Hicklin Eng'g*, 439 F.3d at 348. One member of Signicast Holdings, T.P. Group 2007–B, L.P., is a limited partnership. A limited partnership is a citizen of every state of which any partner, general or limited, is a citizen. *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1073 (7th Cir.1992) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990)). One of T.P. Group's general partners is The Pritzker Group–LA, LLC, another limited liability company. According to the declaration submitted by Signicast with its motion to remand, the sole member of The Pritzker Group–LA, LLC, "is an individual and resident of California." (Decl. of Thomas Dottl, ¶ 5.)

■ In describing the sole member of The Pritzker Group as a "resident" of California, Signicast demonstrates that its lawyers do not understand basic principles of federal jurisdiction. The citizenship of an individual is determined by the individual's domicile, not his or her residence. *See America's Best Inns*, 980 F.2d at 1074. Thus, although the member's residence in California is consistent with California citizenship, it does not necessarily establish that the member is a citizen of California. Still, the burden of proving the facts supporting federal jurisdiction rests with the proponent of federal jurisdiction, which in this case is Fireman's. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir.2006). Thus, Fireman's bears the burden of supplying "competent proof" to support its contention that Signicast is not a citizen of California. *See Sapperstein v. Hager*, 188 F.3d 852, 855–56 (7th Cir.1999).

Fireman's has not presented any evidence showing that the California resident is not also a California citizen. Instead, it argues that the citizenship of the California resident is irrelevant. Fireman's contends, and Signicast does not dispute, that

The Pritzker Group is a "non-equity" general partner of the limited partnership, and that all of the limited partnership's equity is owned by the limited partners. Fireman's further contends that a non-equity partner's citizenship is irrelevant to the citizenship of the limited partnership. However, as previously stated, the rule is that a limited partnership is a citizen of every state of which *any* partner, general or limited, is a citizen. There are no exceptions to this rule. Thus, if a person or entity is a partner of the limited partnership, the limited partnership is a citizen of any state of which that person or entity is a citizen.

Now, there are cases in which a partnership may describe a person as one of its "partners" even though that person is not actually a partner of the partnership under state law. For example, in the case on which Fireman's primarily relies, *Morson v. Kreindler & Kreindler, LLP*, 616 F.Supp.2d 171 (D.Mass.2009), a New York law firm described one of its attorneys as a partner even though, under New York law, that attorney was really only an employee. In such cases, the citizenship of the supposed "partner" can be disregarded. However, in the present case, Fireman's does not argue or suggest that The Pritzker Group is not a partner of the limited partnership within the meaning of the controlling state's law. Indeed, the limited partnership appears to be organized under Delaware law, and under Delaware law a person can be a general partner of a limited partnership without acquiring a partnership interest and sharing in the profits and losses of the limited partnership. *See* Del.Code tit. 6, §§ 17–101(5), 17–101(13), 17–401(a). Thus, the citizenship of The Pritzker Group, which in turn is the citizenship of the California resident, is relevant to the citizenship of the limited partnership and, ultimately, the citizenship of Signicast.

Presently, Fireman's is taking discovery on the question of whether the California resident is a California citizen. I will allow Fireman's to complete discovery on this question before remanding the case. However, should Fireman's be unable to produce competent proof establishing that the California resident is not also a California citizen, this case will be remanded to state court. I will give Fireman's until March 15, 2013 to complete discovery and to submit any proof it is able to produce.

■ Before concluding, I note that Signicast has filed a motion to seal certain documents in the record having to do with Signicast's ownership structure and the individuals and entities who compose it. The only reason given for keeping this information secret is that the various individuals and entities would prefer to not have their identities disclosed. However, that is not a valid reason for removing documents that influence or underpin a judicial decision from the public record in civil litigation. *See Baxter Int'l Inc. v. Abbott Labs.*, 297 F.3d 544, 545–47 (7th Cir.2002). Accordingly, the motion to seal will be denied.

## CONCLUSION

For the reasons stated, **IT IS ORDERED** that Fireman's has until March 15, 2013 to complete discovery on the question of the citizenship of the California resident and to submit competent proof showing that he is not a California citizen.

**IT IS FURTHER ORDERED** that Signicast's motion to seal is DENIED. The Clerk of Court shall ensure that all documents filed in this case are available for public inspection.